Larry WEYANT, Plaintiff–Appellant,

Charles Weyant, Plaintiff,

v.

George S. OKST, Defendant–Appellee,

Irvin Richard Weber, Joseph Peter Auberger, Lawrence Mueller, Defendants.

Docket No. 98–9652

United States Court of Appeals, Second Circuit.

Argued: June 30, 1999

Decided: Dec. 02, 1999

Stephen Bergstein, Goshen, New York (Michael H. Sussman, Goshen, New York, on the brief), for Plaintiff–Appellant.

Archibald F. Robertson, Jr., Assistant Attorney General, New York, New York (Eliot Spitzer, Attorney General of the State of New York, John W. McConnell, Deputy Solicitor General, Michael Belohlavek, Assistant Attorney General, New York, New York, on the brief), for Defendants-Appellees.

Before: KEARSE, STRAUB, and POOLER, Circuit Judges.

KEARSE, Circuit Judge:

Plaintiff Larry Weyant ("Larry"), a prevailing party on his claim under 42 U.S.C. § 1983 (1994) against defendant George S. Okst for false arrest, appeals from an order of the United States District Court for the Southern District of New York, Mark D. Fox, *Magistrate Judge,* denying his unopposed supplemental application for reasonable attorney's fees under 42 U.S.C. § 1988 (1994) for time spent in defending his initial fee application and in defending against postjudgment motions by Okst pursuant to Fed.R.Civ.P. 50(b), 59(a), and 59(e) for judgment as a matter of law, a new trial, or a remittitur. The magistrate judge denied the supplemental application *sua sponte* on the grounds that it was not timely filed and that, in any event, Larry's attorneys had already been awarded adequate compensation. On appeal, Larry contends that these rulings constituted an abuse of discretion. For the reasons that follow, we agree and remand to the district court for the calculation of reasonable fees.

## I. BACKGROUND

The events underlying the present action, brought by Larry and his father Charles Weyant ("Charles") under § 1983 and state law for various civil rights violations, have been fully set out in our decision of a prior appeal, *Weyant v. Okst,* 101 F.3d 845 (2d Cir.1996), familiarity with which is assumed. In that appeal, we reversed the grant of partial summary judgment in favor of Okst and a codefendant and remanded for trial of Larry's claim for false arrest and Charles's claims for denial of medical care. On remand, the matter was tried, on consent of the parties, before Magistrate Judge Fox. The jury, though finding against Charles on his claims, returned a verdict in favor of Larry against Okst, awarding Larry $75,000 in compensatory damages plus $2,500 in pu-

nitive damages. Judgment was entered on April 15, 1998 ("April Judgment").

On or about April 21, 1998, Okst filed motions for judgment as a matter of law pursuant to Fed.R.Civ.P. 50(b) or, in the alternative, for a new trial or a remittitur of the damages award pursuant to Fed. R.Civ.P. 59. The motions were timely, having been filed within the 10–day period provided by those Rules. Larry submitted a memorandum of law in opposition. Okst's motions were denied in a Memorandum Order dated October 19, 1998 ("October 19 Order"), which, according to the docket sheet notation, was entered on October 21.

On or about April 23, 1998, Larry filed an application pursuant to 42 U.S.C. § 1988 for $82,187.17 in attorney's fees and expenses incurred through April 20 ("April fee application" or "initial application"). Okst opposed the application, and on May 20, 1998, Larry submitted a Reply Memorandum, along with additional supporting evidentiary materials. In that reply Larry conceded that certain hours should not have been included in the initial application because they related only to Charles's unsuccessful claims, and he therefore reduced slightly the amount requested. In its October 19 Order denying Okst's postjudgment motions, the district court also dealt with Larry's April fee application, awarding a portion of the fees requested. After calculating a lodestar figure of $69,585, and noting that the time spent solely on claims asserted by Charles had already been excluded, the court reduced the lodestar amount by 20 percent on the ground that only one of the two plaintiffs had prevailed. Declining to award any enhancement of the lodestar, the court granted Larry fees and expenses totaling $55,987.04.

On October 22, 1998, Larry filed an "Application for Fees and Costs Incurred After April 20, 1998" ("October fee application" or "supplemental application"). The October fee application requested $5,998.75 for 32.6 hours expended by Larry's attorneys in successfully opposing Okst's posttrial motions and defending the April fee application. Larry had not previously applied for compensation for that work. Okst did not oppose the supplemental application.

In a Memorandum Order dated November 23, 1998 ("November Order"), the magistrate judge noted the lack of opposition from Okst but nonetheless denied Larry's October fee application *sua sponte*, stating as follows:

> The hours for which Plaintiff's counsel request attorneys' fees reflect time spent preparing a reply to Defendant's post-trial motion and materials in further support of the original fee application. Of the hours for which fees are sought, all but 1.9 of the hours reflect work performed on or before May 20, 1998, the date on which Plaintiff's first motion for attorneys' fees was fully submitted. Compensation for these hours should have been requested when Plaintiff submitted his reply papers and, in any event, should not have been requested months after the motions were fully submitted. I consider this supplemental fee application to be untimely. I believe that Plaintiff's counsel have been adequately compensated for the work performed on this case.

November Order at 1–2.

Larry moved for reconsideration, arguing, *inter alia,* that his supplemental application was timely under Fed.R.Civ.P. 54(d)(2)(B) because it was filed within 14 days after entry of the October 19 Order. In an endorsed memorandum dated December 23, 1998, the court denied the motion, stating, "[t]his application is predicated upon judgment being entered on October 19, 1998. In fact, as the docket reflects, judgment was entered on April 15, 1998."

## II. DISCUSSION

On appeal, Larry contends principally that the October fee application was time-

ly, as its filing one day after entry of the October 19 Order was within the 14–day period prescribed by Fed.R.Civ.P. 54(d)(2)(B), and that the district court erred in ruling that the time period specified in that Rule had begun to run in April. He also contends that the court erred in ruling that the initial award of fees for services rendered prior to judgment adequately compensated him for work subsequently necessitated by Okst's postjudgment motions. For the reasons that follow, we conclude that Larry's supplemental application was timely and that he was entitled to reasonable attorney's fees for services rendered in the period following his initial application.

### A. *The Timeliness of the October Fee Application*

Prior to 1993, there was no specific deadline for making an application for attorneys' fees. *See, e.g., White v. New Hampshire Department of Employment Security,* 455 U.S. 445, 452–53, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982); Fed.R.Civ.P. 54 Advisory Committee Note (1993). Accordingly, in many cases an appeal from the decision on the merits of a case would be heard separately from an appeal from the decision on attorneys' fees. There is, however, a "historic federal policy against piecemeal appeals," *Curtiss–Wright Corp. v. General Electric Co.,* 446 U.S. 1, 8, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980) (quoting *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 438, 76 S.Ct. 895, 100 L.Ed. 1297 (1956)), and " 'piecemeal' appeals of merits and fee questions generally are undesirable," *White v. New Hampshire Department of Employment Security,* 455 U.S. at 452 n. 14.

As amended in 1993, Rule 54 provides that a party seeking an award of attorneys' fees generally must do so by motion "filed and served no later than 14 days after entry of judgment." Fed.R.Civ.P. 54(d)(2)(B) ("[u]nless otherwise provided by statute or order of the court"). The 14–day limitation is intended, in part, to

ensure that the fee application is filed in time to minimize the need for piecemeal appeals. "Prompt filing ... enables the court in appropriate circumstances to make its ruling on a fee request in time for any appellate review of a dispute over fees to proceed at the same time as review on the merits of the case." Fed.R.Civ.P. 54 Advisory Committee Note (1993).

A "judgment," for purpose of the Federal Rules of Civil Procedure, is defined to "include[ ] a decree and any order from which an appeal lies." Fed.R.Civ.P. 54(a). To the extent pertinent here, the Judicial Code permits appeals only from "final" decisions of the district court, 28 U.S.C. § 1291 (1994), and it is only a "final judgment" that triggers the 14–day filing period set by Rule 54(d)(2)(B). Fed.R.Civ.P. 54 Advisory Committee Note (1993).

A judgment is said to be final if it conclusively determines the rights of the parties to the litigation and leaves nothing for the court to do but execute the order, *see, e.g., Coopers & Lybrand v. Livesay,* 437 U.S. 463, 467, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978), or resolve collateral issues, *see, e.g., Budinich v. Becton Dickinson & Co.,* 486 U.S. 196, 199–200, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988). However, certain types of postjudgment motions interrupt the judgment's finality because judicial efficiency is improved by postponing appellate review of the judgment "until the District Court has had an opportunity to dispose of all motions that seek to amend or alter what otherwise might appear to be a final judgment," *Osterneck v. Ernst & Whinney,* 489 U.S. 169, 174, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989). The timely filing of a postjudgment motion pursuant to Fed.R.Civ.P. 50(b), 52(b), or 59 automatically "affect[s] the finality of the judgment," Fed.R.Civ.P. 59 Advisory Committee Note (1995), because such a motion seeks to alter the judgment or reverse decisions embodied in it. *See, e.g., Browder v. Director, Department of Corrections,* 434 U.S. 257, 267, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978) ("A *timely* petition for

rehearing tolls the running of the [appeal] period because it operates to suspend the finality of the . . . court's judgment, pending the court's further determination whether the judgment should be modified so as to alter its adjudication of the rights of the parties." (internal quotation marks omitted)); 12 *Moore's Federal Practice* § 59.12[1], at 59–38 (3d ed.1999) (a "timely motion under Rule 59 destroys the finality of the judgment").

◼ A judgment's finality is restored upon the resolution of the last of any postjudgment motions that operated to suspend finality. *See, e.g.,* Fed. R.App. P. 4(a)(4)(A) (if a party has timely filed a motion for judgment as a matter of law under Rule 50(b), or for amended or additional findings under Rule 52(b), or for alteration or amendment of the judgment under Rule 59(e), "the time to file an appeal runs . . . from the entry of the order disposing of the last such remaining motion").

◼ Because the 14–day period established by Rule 54(d)(2)(B) for the filing of a motion for attorneys' fees was introduced in large part to avoid piecemeal appeals of merits and fee questions, that 14–day period begins to run with the entry of a final judgment. And because the finality of a judgment is negated by the timely filing of a motion under Rule 50(b), 52(b), or 59, we conclude that a Rule 54(d)(2)(B) motion is timely if filed no later than 14 days after the resolution of such a Rule 50(b), 52(b), or 59 motion.

◼ In the present case, the question is the timeliness of Larry's October fee application. Although a final judgment was entered in April 1998, Okst timely filed motions pursuant to Rules 50(b), 59(a), and 59(e) for judgment as a matter of law, a new trial, or an alteration of the judgment by way of remittitur. Those motions operated to suspend the April Judgment's finality, and thus Larry was not required to file his fee application before their October 1998 resolution. Accordingly, the magis-

trate judge's ruling that Larry should have filed his supplemental fee application "on or before May 20, 1998," the date on which all of the postjudgment motions were fully submitted, was erroneous. The 14–day period in which Larry could file a fee application began with the October 21 entry of the court's order denying Okst's motions, and Larry's October 22 supplemental application was thus timely.

◼ We note that our interpretation as to the commencement of the 14–day period set by Rule 54(d)(2)(B) is applicable not only to supplemental applications covering time spent in opposing postjudgment motions, but also to initial fee applications covering the services that led to the favorable judgment. It would perhaps be more efficient if a prevailing party were to delay filing any fee application until postjudgment motions under Rules 50(b), 52(b), and 59 have been decided, thereby allowing him to file a single application encompassing all services performed in connection with the district court proceedings. As a practical matter, however, given the time constraints imposed by the various Rules, that will rarely be possible. The computation of the 10–day period within which the losing party must file a Rule 50(b), 52(b), or 59 motion excludes intermediate Saturdays, Sundays, and legal holidays, *see* Fed.R.Civ.P. 6(a); but in the computation of the 14–day period within which the prevailing party must file his application for attorneys' fees intermediate Saturdays, Sundays, and legal holidays must be included, *see id.* Thus, unless the court grants an extension of time to file the fee application (or unless judgment is entered on a weekend), the 14–day period will never be longer than the 10–day period and in some cases will be shorter. Since parties seldom file anything before it is due, the prevailing party will generally be forced to file his initial fee application without regard for any postjudgment motions. Whether or not an initial fee application is so filed, however, we think it clear that an application seeking compensation

for services rendered in opposing timely postjudgment motions under Rules 50(b), 52(b), or 59 is itself timely if filed no later than 14 days after the resolution of those motions.

### B. The Merits of the October Fee Application

█ In addition to denying the supplemental application on the ground that it was untimely, the magistrate judge stated, "I believe that Plaintiff's counsel have been adequately compensated for the work performed on this case." November Order at 1–2. The record provides no support for that assessment.

█ A prevailing § 1983 plaintiff is entitled to recover reasonable attorney's fees "unless special circumstances would render such an award unjust." *Orchano v. Advanced Recovery, Inc.,* 107 F.3d 94, 97 (2d Cir.1997) (internal quotation marks omitted); *see* 42 U.S.C. § 1988; S.Rep. No. 94–1011, at 4 (1976), *reprinted in* 1976 U.S.C.C.A.N. 5908, 5912. "If private citizens are to be able to assert their civil rights, and if those who violate the Nation's fundamental laws are not to proceed with impunity, then citizens must have the opportunity to recover what it costs them to vindicate these rights in court." *Id.* at 2, *reprinted in* 1976 U.S.C.C.A.N. 5908, 5910. This principle applies not only to the cost of obtaining a favorable judgment but also to the cost of successfully defending that judgment, whether against postjudgment motions, *see, e.g., Quaratino v. Tiffany & Co.,* 166 F.3d 422, 424–428 (2d Cir.1999); *Dailey v. Societe Generale,* 108 F.3d 451, 461 (2d Cir.1997), or against an appeal, *see, e.g., Murphy v. Lynn,* 118 F.3d 938, 952–53 (2d. Cir.1997) (awarding prevailing § 1983 plaintiff attorney's fees for successful defense of appeal), *cert. denied,* 522 U.S. 1115, 118 S.Ct. 1051, 140 L.Ed.2d 114 (1998); *see also Orchano v. Advanced Recovery, Inc.,* 107 F.3d at 101 (awarding fees to prevailing plaintiff for successful prosecution of appeal from order denying requested attorney's fees). A culpable de-

fendant should not be allowed to cause the erosion of fees awarded to the plaintiff for time spent in obtaining the favorable judgment by requiring additional time to be spent thereafter without compensation. Thus, a reasonable fee should be awarded for opposing the culpable defendant's unsuccessful postjudgment motions.

█ Further, a reasonable fee should be awarded for time reasonably spent in preparing and defending an application for § 1988 fees. *See, e.g., Valley Disposal, Inc. v. Central Vermont Solid Waste Management District,* 71 F.3d 1053, 1059–60 (2d Cir.1995); *Reed v. A.W. Lawrence & Co.,* 95 F.3d 1170, 1183–84 (2d Cir.1996); *Gagne v. Maher,* 594 F.2d 336, 343–44 (2d Cir.1979), *aff'd,* 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980); *accord Kinney v. International Brotherhood of Electrical Workers,* 939 F.2d 690, 694 (9th Cir. 1991); *Lund v. Affleck,* 587 F.2d 75, 77 (1st Cir.1978). As a general matter, such "motion costs should be granted whenever underlying costs are allowed." *Valley Disposal, Inc. v. Central Vermont Solid Waste Management District,* 71 F.3d at 1060.

Larry clearly was a prevailing plaintiff, having won a jury verdict of $75,000 in compensatory damages plus $2,500 in punitive damages and having successfully opposed Okst's postjudgment motions (the judgment was affirmed on appeal, *see Weyant v. Okst,* 182 F.3d 902 (2d Cir.1999) (table)). Larry was entitled to attorney's fees for time reasonably spent in opposing those motions and in preparing and defending his initial fee application. In making its initial award of fees, the district court plainly did not include any compensation for services not yet rendered or any enhancement over its discounted lodestar figure. Larry having thus been awarded no more than what it cost him to obtain the favorable judgment, Okst should be required to pay such reasonable costs of defending that judgment as were necessitated by Okst's postjudgment motions. We see no way in which the court could

properly conclude that those postjudgment services had already been compensated.

## CONCLUSION

We have considered all of Okst's contentions on this appeal and have found them to be without merit. The order' of the district court denying the October fee application is reversed, and the matter is remanded for the calculation of reasonable attorney's fees and costs in connection with the successful opposition to Okst's postjudgment motions and the filing of the fee applications.

Larry is also entitled to recover a reasonable attorney's fee in connection with this appeal. We leave it to the district court on remand to determine the amount of that fee as well.