**Bill LUEDEKE, Plaintiff,**

v.

**VILLAGE OF NEW PALTZ and Alison Murray, Defendants.**

**No. 98–CV–0809 (TJM) (DNH).**

United States District Court, N.D. New York.

June 20, 2000.

Richard Nardone, Nardone, Nardone Law Firm, Highland, NY, for Plaintiff.

David L. Posner, McCabe, Mack Law Firm Poughkeepsie, NY, for Defendant.

**MEMORANDUM–DECISION & ORDER**

MCAVOY, District Judge.

Plaintiff commenced the instant action pursuant to 42 U.S.C. § 1983, seeking damages for violations of his due process rights. By Memorandum–Decision and Order dated August 27, 1999, familiarity with which is assumed, the Court granted, in part, Plaintiff's motion for summary judgment. *See Luedeke v. Village of New Paltz,* 63 F.Supp.2d 215 (N.D.N.Y.1999). Presently before the Court is Plaintiff's motion seeking attorney's fees and costs pursuant to 42 U.S.C. § 1988.

**I. Discussion**

**A. Attorney's Fees**

The time-period for making attorney's fee motions is governed by FED. R.CIV.P. 54(D)(2)(B). *See Weyant v. Okst,* 198 F.3d 311, 314 (2nd Cir.1999). Rule 54(d)(2)(B) clearly states that "the motion must be filed and served no later than 14

days after entry of judgment." Only a "final judgment," which "conclusively determines the rights of the parties to the litigation and leaves nothing for the court to do but execute the order," "triggers the 14–day filing period." *Weyant v. Okst,* 198 F.3d at 314.

■ The Stipulation of Settlement and Order of Dismissal dated October 5, 1999 and signed by both parties stated that "this action is discontinued against all defendants, with prejudice." At that time, final judgment had been entered and the case was closed.[1] The Court has difficulty imagining a clearer indication of finality. The 14–day time period, therefore, began running on October 5, 1999, at the latest.

Accordingly, pursuant to Rule 54(d)(2)(B), Plaintiff was required to submit the application for attorney's fees by October 20, 1999. The instant application was filed on May 5, 2000. The application, filed more than six and one-half months after the required filing deadline, is untimely.

■ Although the Court may, "upon request," extend any time period prescribed in the Rules provided the request was made before the time period expired or, upon a motion made after that time if the failure to act was the result of excusable neglect, Fed. R.Civ.P. 6(b), Plaintiff did not make any such request or motion. Even if the Court so construes the application itself, there is neither a showing of excusable neglect nor any other explanation proffered therein for the delay. The Court will not, therefore, extend the time period in this case.

Plaintiff's application for costs is similarly untimely. While FED.R.CIV. P. 54(d)(1), which covers "costs other than attorney's fees," provides no deadline for making this application, the Local Rules of Practice for the Northern District of New York specify a 30–day time period. *See* N.D.N.Y.L.R. 54.1. Local Rule 54.1 states, "the party entitled to recover costs shall file, within thirty (30) days after entry of judgment, a verified bill of costs...." The deadline for filing an application for costs was November 5, 1999.

Again, Plaintiff is approximately six months late. The application is, therefore, untimely.

## B. Reply Papers

The Local Rules govern motion practice in this Court. *See* N.D.N.Y.L.R. 7.1. Plaintiff attempted to file reply papers in response to Defendants' Opposition to the Motion for Attorney's Fees. Although he does not refer to the Local Rules at all, Plaintiff appears to rely on Local Rule 7.1(b)(1), which allows reply papers to be served as of right. Plaintiff is incorrect in relying on this rule, as motions for attorney's fees are explicitly exempted from the procedures outlined therein. *See* N.D.N.Y.L.R. 7.1(b)(1)(E)(16).

■ Attorney's fees, as "Motions Exempt from 7.1(b)(1)," are governed by Local Rule 7.1(b)(2), which clearly instructs that reply papers "may be filed only with leave of court, upon a showing of necessity." Plaintiff neither requested prior leave of the Court, nor made the required showing of necessity. Thus, Plaintiff was not entitled to file reply papers.

Even if Plaintiff could surpass the hurdles of his failure to comply with the Local Rules or to demonstrate necessity, the papers are not timely. Local Rule 7.1(b)(2) provides that "reply papers must be filed with the court... not less than SEVEN CALENDAR DAYS prior to the return date of the motion." (emphasis in original). The return date in this case was June 12, 2000. Plaintiff's reply papers are dated June 6, 2000. Because these papers were submitted fewer than seven calendar days before the return date, they must be rejected.

Finally, as noted above, FED.R.CIV. P. 6(b) provides for the extension of deadlines at the court's discretion. However, enlargement is only allowed "if request therefor is made before the expiration of the period originally prescribed" or, if the period has expired, "upon motion... where the failure to act was the result of excusable neglect." *Id.* For reasons already discussed, the period originally prescribed for filing reply papers has

---

1. Although judgment was entered on September 9, 1999, additional matters were resolved after that date. With the exception of the instant

motion for attorney's fees, there has been no action on this matter since the filing of the October 5, 1999 Stipulation of Settlement.

expired. Moreover, Plaintiff has not shown that the failure to act within the prescribed time was the result of excusable neglect. The Court, therefore, finds the reply papers to be untimely.

## II. Conclusion

For the foregoing reasons, Plaintiff's request for attorney's fees and costs pursuant to 42 U.S.C. § 1988 is DENIED. The Clerk of the Court is directed to return the submitted reply papers to Plaintiff's attorney.

**IT IS SO ORDERED.**