Kevin **GARDNER** and Pierre
Vogelsang, Plaintiffs,

v.

**CATERING BY HENRY SMITH, INC.**
and Henry H. Smith, Defendants.

No. 01–CV–0880(ADS).

United States District Court,
E.D. New York.

May 25, 2002.

Somma, Zabell & Associates, LLP by
Ralph A. Somma, Esq. and Michael G.

McAlvin, Esq., Farmingdale, NY, for
Plaintiffs.

Bee, Eisman & Ready, LLP by W. Matthew Groh, Esq. and Anthony Merlino,
Esq., Mineola, NY, for Defendants.

**MEMORANDUM OF DECISION
AND ORDER**

SPATT, District Judge.

The plaintiffs Kevin Gardner ("Gardner") and Pierre Vogelsang ("Vogelsang")
(collectively, the "plaintiffs") allege that
the defendants Catering by Henry Smith,
Incorporated ("Catering by Henry Smith")
and Henry H. Smith ("Smith") (collectively, the "defendants") failed to pay them
overtime wages and unused vacation time
in violation of the Fair Labor Standards
Act of 1938 ("FLSA") and the New York
Labor Law. Pursuant to Rule 68 of the
Federal Rules of Civil Procedure, the
plaintiffs accepted a written offer of judgment from the defendants. Presently before the Court is a motion by the plaintiffs
to recover attorneys' fees and costs pursuant to Rule 54 of the Federal Rules of
Civil Procedure.

**I. BACKGROUND**

On February 14, 2001, the plaintiffs filed
the complaint in this action. The complaint alleges that Smith and his company,
Catering by Henry Smith, did not pay
sufficient overtime wages to Gardner, who
was employed as a delivery van driver for
about four years and Vogelsang, who was
employed as a cook for about eleven years.
In addition, the complaint alleges that the
defendants did not pay Gardner for certain
vacation time that he did not take.

In March of 2001, the defendants sent
Gardner a check for $3,165 and Vogelsang
a check for $954.25 as payment for the
overtime wages. Gardner cashed his
check on March 19, 2001 and Vogelsang

cashed his check on April 2, 2001. In May of 2001, the defendants moved to dismiss the complaint based upon the payments made to Gardner and Vogelsang. On December 17, 2001, the defendants served the plaintiffs with an offer of judgment in the amount of $3,200 pursuant to Rule 68. The plaintiffs accepted the offer in its entirety on December 27, 2001 and filed the acceptance of judgment with the Court. The Clerk of the Court then entered the judgment on January 8, 2002.

The plaintiffs now move to recover attorneys' fees and costs pursuant to Rule 54. In particular, the plaintiffs seek to recover $34,071.25 for attorneys' fees (41.75 hours at $250 per hour for partner's work and 127.75 hours at $185 per hour for associate's work) and $200 for costs.

## II. DISCUSSION

### A. As to the Attorneys' Fees

Rule 54 provides in pertinent part that "[c]laims for attorneys' fees and related non-taxable expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial." Fed.R.Civ.P. 54(d)(2)(A). In this case, the substantive law is the FLSA, the New York Codes, Rules and Regulations for the Department of Labor and the New York Labor Law.

Count one of the complaint alleges a violation under 29 U.S.C. § 207(a)(1) of the FLSA. Section 207(a)(1) provides in pertinent part that:

[N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1). None of the elements under Section 207(a)(1) require a plaintiff to prove attorneys' fees as an element of damages.

Count two of the complaint alleges a violation of Title 12, § 142–2.2 of the New York Codes, Rules and Regulations. Section 142–2.2 provides in pertinent part that "[a]n employer shall pay an employee for overtime at a wage rate of 1½ times the employee's regular rate in the manner and methods provided in and subject to the ... [FLSA]." N.Y. Comp.Codes R. & Regs. tit. 121 § 142–2.2 (2002). None of the elements under Section 142–2.2 require a plaintiff to prove attorneys' fees as an element of damages.

Count three of the complaint alleges a violation of the New York Labor Law § 191. Section 191 provides in pertinent part that:

(i) A manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned; provided however that a manual worker employed by an employer authorized by the commissioner pursuant to subparagraph (ii) of this paragraph or by a non-profitmaking organization shall be paid in accordance with the agreed terms of employment, but not less frequently than semi-monthly.

N.Y. Lab. Law § 191 (McKinney 2001). None of the elements under Section 191 require a plaintiff to prove attorneys' fees as an element of damages.

Because the substantive law governing this action does not provide for the recovery of attorneys' fees as an element of

damages to be proved at trial, the plaintiffs must make a motion for attorneys' fees in full compliance with Rule 54.

### 1. The Time Limitations of Rule 54

Rule 54 provides in pertinent part that "[u]nless otherwise provided by statute or order of the Court, the motion [for attorney's fees] must be filed and served no later than 14 days after entry of judgment...." Fed.R.Civ.P. 54(d)(2)(B). It is only a final judgment that starts the fourteen day filing period. Fed.R.Civ.P. 54(a) (" 'Judgment' as used in these rules includes a decree and any order from which an appeal lies."). *See also Weyant v. Okst,* 198 F.3d 311, 314 (2d Cir.1999). "A judgment is said to be final if it conclusively determines the rights of the parties to the litigation and leaves nothing for the court to do but execute the order or resolve collateral issues." *Weyant,* 198 F.3d at 314 (citations omitted).

■ A plaintiff's acceptance of a Rule 68 offer of judgment constitutes a final judgment. *See Bowles v. Schmitt & Co.,* 170 F.2d 617, 620 (2d Cir.1948) (stating that the acceptance of a Rule 68 offer of judgment is a final judgment); *see also Chambers v. Manning,* 169 F.R.D. 5, 8 (D.Conn. 1996) (same); *Williams v. J.C. Penney Co., Inc.,* No. 86–8497, 1991 WL 150617, at *1 (S.D.N.Y. July 30, 1991) ("Under Rule 68 of the Federal Rules of Civil Procedure, a party may compromise a claim by offering a settlement to be entered against it in a form of a final judgment.").

In this case, the offer of judgment accepted and filed by the plaintiffs conclusively determined the rights of the parties in this action. In particular, the offer of judgment fully satisfied the claims for overtime wages and unused vacation time. *See* Offer of Judgment entered on January 8, 2002 ("Such offer is for the settlement of the cumulative substantive claims of both Plaintiffs."). In addition, the Court closed the case based upon the Clerk of the Court's entry of the acceptance of the Rule 68 offer. *See Williams,* 1991 WL 150617, at *1 ("By operation of [Rule 68] ..., if the offer is accepted, all claims are settled and the case is concluded."). Accordingly, the plaintiff's acceptance of the Rule 68 offer of judgment constitutes a final judgment.

Once a final judgment is entered, a plaintiff has fourteen days to file and serve a motion for attorneys' fees or she is time-barred. Fed.R.Civ.P. 54(d)(2)(B). *See also Weyant,* 198 F.3d at 314; *In re Texaco Inc. Shareholder Derivative Lit.,* 123 F.Supp.2d 169, 171 (S.D.N.Y.2000); *Arroyo Lopez v. Nuttall,* 25 F.Supp.2d 407, 410 (S.D.N.Y.1998); *Straight v. Bermuda Star Line, Inc.,* No. 91–5356, 1996 WL 312112, *1 (S.D.N.Y.1996).

On January 8, 2002, the Clerk of the Court entered the Rule 68 offer of judgment. As such, the plaintiffs were required to file and serve a motion for attorneys' fees by January 22, 2002. This, the plaintiffs did not do. Rather, the plaintiffs filed a motion for attorneys' fees on February 27, 2002. Accordingly, the plaintiffs are time-barred, unless a statute or order of the Court provides otherwise.

Neither the FLSA, the New York Codes, Rules and Regulations for the Department of Labor nor the New York Labor Law extend the fourteen day time-period to file a motion for attorneys' fees. Also, no order of the Court extends the fourteen days for the plaintiffs to file such a motion. In addition, the Rule 68 offer of judgment provides in pertinent part: "Said offer does not include costs and attorney's fees accrued to date. Such costs and attorney's fees are only payable to the extent same may be ordered by the Court." *See* Offer of Judgment entered on January 8, 2002. As such, the Rule 68 offer of

judgment does not alter the requirement that the plaintiffs seek attorneys' fees in compliance with Rule 54.

Although the plaintiffs bring this motion under Rule 54, they now argue in their reply brief that Rule 54 does not apply and thus they are not held to the time limitations in the rule. This argument has no merit. In addition, the plaintiffs do not provide any justifiable excuse for failing to comply with the time limitations of Rule 54. Accordingly, the motion for attorneys' fees is denied.

## B. As to the Costs

■ Rule 54.1 provides in pertinent part that:

> Within thirty (30) days after the entry of final judgment, ... unless this period is extended by the court for good cause shown, any party seeking to recover costs shall file with the clerk a request to tax costs annexing a bill of costs and indicating the date and time of taxation.... Any party failing to file a request to tax costs within this thirty (30) day period will be deemed to have waived costs.

S.D.N.Y. & E.D.N.Y. Loc. Civ. R. 54.1(a). In this case, the Clerk of the Court entered the final judgment on January 8, 2002. On February 27, 2002, the plaintiffs filed a motion to recover costs in the amount of $185, which has since been supplemented to $200. Because the plaintiffs failed to comply with the thirty day time limitation and they show no good cause for this failure, the plaintiffs have waived their right to costs. Accordingly, the motion for costs is denied.

## III.  CONCLUSION

Based upon the foregoing, it is hereby

**ORDERED**, that the motion for attorneys' fees is **DENIED**; and it is further

**ORDERED**, that the motion for costs is also **DENIED**.

**SO ORDERED.**