**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

RONALD O. BAILEY, M.D.,
            *Plaintiff-Appellee,*

v.

COUNTY OF RIVERSIDE; LARRY
SMITH, Riverside County Sheriff,
an individual; FRANK TIBURZIO,
Riverside County Sheriff's
Deputy, an individual; GARY
COLBERT, Riverside County
Sheriff's Deputy, an individual,
            *Defendants-Appellants.*

Nos. 03-56545
      03-57107

D.C. No.
CV-01-00403-VAP

OPINION

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Argued and Submitted
April 7, 2005—Pasadena, California

Filed July 8, 2005

Before: Mary M. Schroeder, Chief Judge, Harry Pregerson,
and Stephen S. Trott, Circuit Judges.

Opinion by Chief Judge Schroeder

8013

**COUNSEL**

Christopher D. Lockwood, Arias, Lockwood & Gray, San Bernardino, California, and Bruce E. Disenhouse, Kinkle, Rodiger & Spriggs, Riverside, California, for the defendants-appellants.

William S. Hulsy, Santa Ana, California, for the plaintiff-appellee.

**OPINION**

SCHROEDER, Chief Judge:

This is an appeal from a verdict and an award of attorneys' fees in an action for excessive force under 42 U.S.C. § 1983 and for negligence under California state law. The case arises from an episode in which the defendants, County of Riverside deputy sheriffs Frank Tiburzio and Gary Colbert, forcibly

ejected the plaintiff, Ronald O. Bailey, from an adult book-store and arrested him.

   The principal issue on the merits relates to the sufficiency of the evidence supporting the jury's negligence verdict in favor of the plaintiff. The defendants also contend the motion for attorneys' fees was untimely. We affirm both the judgment and award of fees.

   **[1]** The jury found that the defendants violated the plaintiff's civil rights by using excessive force during his arrest, and that the defendants were negligent. The jury awarded separate damages on each of the claims. The defendants argue that there was not substantial evidence to support the award of damages on a negligence theory, over and above damages already awarded for excessive force. A jury's verdict must be upheld if supported by "substantial evidence." *See Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir. 2002). Substantial evidence is evidence adequate to support the jury's conclusion, even if it is possible to draw a contrary conclusion from the same evidence. *Id.* Although the evidence was thin with respect to the defendants' negligent conduct, the evidence was sufficient to support the jury's negligence conclusion. The amount of the jury verdict was far less than the amount requested by the plaintiff and was substantially reduced for the contributory negligence of the plaintiff. We must affirm the judgment.

   **[2]** We issue our disposition as an opinion for publication because of the need to address the issue of the timeliness of the plaintiff's post-judgment request for attorneys' fees. Federal Rule of Civil Procedure 54(d)(2)(B) states: "Unless otherwise provided by statute or order of the court, the motion [for attorneys' fees] must be filed no later than 14 days after entry of judgment." The plaintiff filed his motion for attorneys' fees more than 14 days after the judgment on the special verdict, but within 14 days after the district court's order denying the defendants' motion for partial judgment pursuant to Rule

50(b) and for a new trial pursuant to Rule 59. The issue is whether the Rule 54(d)(2)(B) time limit is tolled pending the outcome of post-trial motions under Rule 50 or Rule 59. This is an issue that has not yet been expressly resolved in this Circuit, although it has been addressed in others. We agree with their holdings.

[3] The other circuits to reach this question have held that the requirement that the motion for attorneys' fees "must be filed no later than 14 days after entry of judgment" is tolled pending the outcome of post-trial motions under Rule 50 or Rule 59. *See Members First Fed. Credit Union v. Members First Credit Union of Fla.*, 244 F.3d 806, 807 (11th Cir. 2001) (per curiam); *Weyant v. Okst*, 198 F.3d 311, 314 (2d Cir. 1999). This is because those motions operate to suspend the finality of the district court's judgment. A "judgment" for purposes of the Federal Rules of Civil Procedure includes a decree or order "from which an appeal lies." Fed. R. Civ. P. 54(a); *see also Weyant*, 198 F.3d at 314. The judgment was not appealable during the pendency of the post trial motions in this case. *See Weyant*, 198 F.3d at 314. Therefore, the Rule 54(d)(2)(B) motion for fees is timely if filed no later than 14 days after the resolution of a Rule 50(b), Rule 52(b), or Rule 59 motion. This petition for fees was timely. The district court did not err in granting the timely motion for fees.

**AFFIRMED**