16-810-cv
Dowdell v. Imhof

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of January, two thousand seventeen.

PRESENT:  REENA RAGGI,
          DENNY CHIN,
          RAYMOND J. LOHIER, JR.,
                    *Circuit Judges*.
------------------------------------------------------------------------
MARGARET DOWDELL, on behalf of herself, MICHELLE SHRIKI, on behalf of herself, her family, and all others similarly situated,
                    *Plaintiffs-Appellees*,

                    v.                                    No. 16-810-cv

JOHN E. IMHOF, as Commissioner of the Nassau County Department of Social Services,
                    *Defendant-Appellant*.
------------------------------------------------------------------------

APPEARING FOR APPELLANT:        JOSEPH COVELLO (Kenneth L. Gartner, Moshe O. Boroosan, *on the brief*), Lynn, Gartner, Dunne & Covello, LLP, *for* Carnell T. Foskey, Nassau County Attorney, Mineola, New York.

APPEARING FOR APPELLEES: MARC COHAN, National Center for Law and Economic Justice, New York, New York; Linda Hassberg, Bryan Hetherington, Empire Justice Center, Central Islip, New York & Rochester, New York, *on the brief*.

Appeal from an order of the United States District Court for the Eastern District of New York (Sandra J. Feuerstein, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the February 23, 2016 order of the district court is AFFIRMED.

Defendant John E. Imhof, Commissioner of the Nassau County Department of Social Services, appeals from a $470,088.70 award of attorneys' fees to prevailing plaintiffs pursuant to 42 U.S.C. § 1988(b). We review an award of attorneys' fees under § 1988 for abuse of discretion, *see Lore v. City of Syracuse*, 670 F.3d 127, 175 (2d Cir. 2012), which we will identify only when a court's decision rests on an error of law or clearly erroneous factual finding, or cannot otherwise be located within the range of permissible decisions, *see Carco Grp., Inc. v. Maconachy*, 718 F.3d 72, 79 (2d Cir. 2013). In the fee-shifting context, the familiar "lodestar" calculation is used to arrive at a presumptively reasonable attorney's fee. *See Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). The lodestar method is intended to "produce[] an award that roughly approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010) (emphasis omitted). A reasonable fee is one that is sufficient to induce a capable attorney in the community to undertake the representation of a meritorious civil rights case. *Id.* at 552; *see Farbotko*

2

*v. Clinton County*, 433 F.3d 204, 208 (2d Cir. 2005). In reviewing the fee challenge here, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.      Nature of Compensated Services

Imhof argues it was unreasonable to award attorneys' fees for enforcement proceedings that were both unnecessary and without substantial value to plaintiffs, and that the district court's conclusions to the contrary were error. We disagree. In support, Imhof cites a letter explaining County payment procedures and a County attorney's affidavit stating that he forewarned plaintiffs of inevitable good-faith delays. Imhof argues that this establishes a "tacit understanding" between the parties that no enforcement proceedings would be necessary. In fact, the evidence serves only to establish the *County's* position as to the need for enforcement proceedings; it does not compel a conclusion that plaintiffs shared that position, or that the district court clearly erred in disagreeing with it. We have long recognized that "the district court, which is intimately familiar with the nuances of the case, is in a far better position to make [attorneys' fees] decisions than is an appellate court, which must work from a cold record." *Lore v. City of Syracuse*, 670 F.3d at 175 (alterations and internal quotation marks omitted). For nearly two years the district court oversaw the motion practice at issue in the present fees application, including reviewing detailed declarations and exhibits regarding the County's fulfillment of its obligations under the March 2011 settlement agreement and order (the "Order") and first fee award; the status of the parties' negotiations; and the need, or lack thereof, for an amendment to the Order. The district

3

court considered and rejected the arguments Imhof advances here, *see Dowdell v. Imhof*, No. 10CV1332 SJF ARL, 2016 WL 737908, at \*3 & n.1 (E.D.N.Y. Feb. 23, 2016), and we are not persuaded that it erred in doing so.

Equally meritless is Imhof's suggestion that the district court, by stating that the amended Order "*continue[d]* to provide complete or near complete relief to the plaintiffs," J.A. xii (emphasis added), precluded a later finding that plaintiffs' counsel "added substantial value" to the litigation by pursuing enforcement proceedings and amendment of the Order, *Dowdell v. Imhof*, 2016 WL 737908, at \*3. The record—which reflects months of negotiations before an appointed special master and, ultimately, improvement in the County's rates of processing social services applications—supports the reasonable inference that plaintiffs' pursuit of enforcement proceedings was critical to effectuating the terms of the Order.

Accordingly, we identify no clear error in the district court's finding that the work at issue in this fee application was both necessary and valuable. *See United States v. Bershchansky*, 788 F.3d 102, 110 (2d Cir. 2015) (observing that, "[w]here there are two permissible views of the evidence," choice between them "cannot be clearly erroneous").

2.    Amount of Award

Imhof argues that the $470,088.70 attorneys' fees award is unreasonable because it is "nearly double the fees award for all work performed from the inception of the case through" the March 2011 Order. Appellant's Br. 17; *see Dowdell v. Imhof*, No. 10-CV-1332 SJF ARL, 2012 WL 959474, at \*5 (E.D.N.Y. Mar. 19, 2012) (awarding plaintiffs $265,950.91 in fees and costs for litigation of case through entry of March 2011

4

Order). The argument fails because the first award covered approximately one year of litigation, while the award here at issue covers approximately two-and-a-half years of further litigation. The record indicates that each period presented complex issues and tasks. We cannot conclude that the district court abused its discretion in awarding "nearly double" an amount for roughly twice as much work. *See Carco Grp., Inc. v. Maconachy*, 718 F.3d at 79.[1]

Imhof further argues that the billing records presented to the district court are so "impossible to parse" and contain entries so "opaque" that meaningful evaluation was impossible. Appellant's Br. 9, 10. The contention is belied by the records, which reveal no reason to disturb the district court's determination that they were adequately detailed to support the award. *See Dowdell v. Imhof*, 2016 WL 737908, at *3. Insofar as Imhof challenges the use of six attorneys as *per se* "excessive" to accomplish the documented work, Appellant's Reply Br. 4 n.1, he neither challenges the reasonableness of any attorney's hourly rate nor identifies specific work that he contends would be unreasonable for a six-attorney team to undertake. Our own review of the records does not indicate that the district court was compelled to find a team of six attorneys unreasonable to complete the work at issue.

Thus, we identify no error in the district court's failure to make "across-the-board cuts" in fees. Appellant's Br. 15. Nor do we identify abuse of discretion in the district

[1] We decline Imhof's invitation to pronounce a new principle of proportionality. *Cf. Barbour v. City of White Plains*, 700 F.3d 631, 635 (2d Cir. 2012) ("[W]e have repeatedly rejected the notion that a fee may be reduced merely because the fee would be disproportionate to the financial interest at stake in the litigation." (internal quotation marks omitted)).

5

court's finding that the challenged award "roughly approximate[s] the [market] fee[s] that the prevailing attorney would have received" in a comparable, meritorious civil rights case. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. at 551–52 (emphasis omitted).

3.      Bars to Fee Application

Imhof argues that the plaintiffs' attempt to obtain "fees on fees" was improper, and, thus, an award of such fees unreasonable. We disagree. As the district court observed, Imhof's contention that plaintiffs waived such fees by failing to include them in their first fee application lacks support in case law. *See Dowdell v. Imhof*, 2016 WL 737908, at *3 n.1. We see no reason to impose such a rule here, where the total anticipated amount of work was uncertain and the overall fee application potentially subject to settlement. *See generally Valley Disposal, Inc. v. Cent. Vt. Solid Waste Mgmt. Dist.*, 71 F.3d 1053, 1058 (2d Cir. 1995) (rejecting view that settlement agreement's silence as to fees waives future fee claims). No more persuasive is Imhof's argument that the parties' settlement agreement barred any claim for fees on fees. That agreement established a deadline to move for attorneys' fees incurred, but said nothing about fees on fees. Like the district court, we do not interpret that silence to foreclose plaintiffs' ability to seek such fees, given the clearly established statutory availability of such recovery. *See Weyant v. Okst*, 198 F.3d 311, 316 (2d Cir. 1999); *cf. Valley Disposal, Inc. v. Cent. Vt. Solid Waste Mgmt. Dist.*, 71 F.3d at 1058.

Imhof contends, in any event, that the second fees motion was time-barred. Fed. R. Civ. P. 54(d)(2)(B) states that, "[u]nless a statute or a court order provides otherwise, [a fees] motion must [] be filed no later than 14 days after the entry of judgment."

6

"[O]nly a 'final judgment' . . . triggers the 14-day filing period set by" Rule 54, *i.e.*, a judgment that "conclusively determines the rights of the parties to the litigation and leaves nothing for the court to do but execute the order or resolve collateral issues." *Weyant v. Okst*, 198 F.3d at 314 (internal citations and quotation marks omitted). Imhof argues that the initial fees award issued on March 19, 2012, was the relevant judgment, requiring any fees-on-fees claim to be made within the following fourteen days. The argument fails because an award of attorneys' fees is recognized as a collateral ruling, not a judgment. *See, e.g.*, *Covanta Onondaga Ltd. v. Onondaga Cty. Res. Recovery Agency*, 318 F.3d 392, 396 (2d Cir. 2003) ("[A] court that has . . . enter[ed] a final judgment retains authority to take action with respect to some collateral matters related to the case, such as attorney's fees . . . ."); *Valley Disposal, Inc. v. Cent. Vt. Solid Waste Mgmt. Dist.*, 71 F.3d at 1059 (describing § 1988 petitions as "collateral matters"). The district court ruled that the amended order resolving the parties' enforcement proceedings was the relevant final judgment for the purposes of assuring the timeliness of plaintiffs' second fees motion under Rule 54. *See Dowdell v. Imhof*, 2016 WL 737908, at *3. We agree, *see Weyant v. Okst*, 198 F.3d at 316, and, therefore, reject Imhof's time-bar challenge.

4. <u>Conclusion</u>

We have reviewed Imhof's remaining arguments and conclude that they are without merit. Accordingly, for the reasons stated above, the order of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

7