Gloria E. GONZALEZ,
Plaintiff–Appellee,

v.

Police Commissioner William BRATTON; Police Commissioner Howard Safir; New York City Police Department; Mayor Rudolph Guiliani; The City of New York; Anthony Kissik; Captain Witkowich; and Dr. Stanley Edelman, Defendants–Appellants,

Joseph POWELL; Thomas Praskash; Marc Nell; Sergeant Burke; Patrolmens Benevolent Association of the City of New York; Jeffrey Mishula; and Captain Connelly, Defendants.

Docket Nos. 01–7826(L), 01–7828(CON).

United States Court of Appeals,
Second Circuit.

Oct. 16, 2002.

Tahirih M. Sadrieh, of Counsel (Michael A. Cardozo, Corporation Counsel for the City of New York, Edward F.X. Hart, of Counsel, on the brief) New York, NY, for Appellants.

Norman A. Senior, Greenfield Stein & Senior, LLP (Paul T. Shoemaker, Jeffrey H. Sheetz, John A. Kornfeld, of Counsel) New York, NY, for Appellee.

Present CARDAMONE, MINER and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the Southern District of New York (Victor Marrero, *Judge*), it is hereby

ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.

Defendants-appellants appeal the jury verdict and subsequent denial of their motion for judgment as a matter of law or, in the alternative, for a new trial. The jury found the appellants Police Commissioners Bratton and Safir, New York City Police Department ("NYPD"), Mayor Guiliani, and the City of New York liable for constructive discharge and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Appellants Kissik and Edelman were found liable for retaliation, constructive discharge and intentional infliction of emotional distress; defendant Witkowich was found liable for retaliation, unlawful seizure, unlawful search, false imprisonment, and intentional infliction of emotional distress. The jury awarded damages of $800,000 in front pay, $200,000 in back pay, $250,000 in compensatory damages, and the judge awarded an additional $110,000 in punitive damages against Kissik, Edelman, and Witkowich.

Appellants make several arguments why plaintiff's claims fail as a matter of law or, in the alternative, require a new trial. Finding none of these arguments persuasive, we affirm the judgment of the district court.

First, appellants argue that the district court made significant evidentiary errors. The district court's evidentiary rulings are entitled to significant deference and should not be disturbed unless they are "manifestly erroneous." *Luciano v. Olsten Corp.*, 110 F.3d 210, 217 (2d Cir.1997). Having reviewed the record, we find no erroneous evidentiary rulings in this case.[1]

---

1. The Court finds it difficult to accept *any* explanation for appellants' assertion that they did not waive the attorney-client privilege, in all respects, as to the testimony of Adam

Second, appellants argue that there was insufficient evidence to support plaintiff's retaliation and constructive discharge claims against appellants. For the reasons provided in the district court's thoughtful and well-reasoned opinion, we hold that the evidence was sufficient to sustain these claims. *See Gonzalez v. Bratton,* 147 F.Supp.2d 180, 196–99 (S.D.N.Y.2001).

■ One point merits brief discussion. In order to prevail on her retaliation claim, plaintiff must demonstrate, *inter alia,* participation in a protected activity known to the defendant. *Holt v. KMI–Continental, Inc.,* 95 F.3d 123, 130 (2d Cir.1996). Appellants admit that plaintiff's internal and EEOC charges were protected activities, but argue that there is no evidence that defendant Edelman knew of these charges. To the contrary, plaintiff provided significant evidence that Edelman knew that he was engaging in retaliatory conduct. Adam Alvarez, an officer in the Advocate's Office, testified that he attended a meeting with Edelman and other staff members of the Health Services Division in which Alvarez enlisted the Health Services Division's assistance in "steamrolling" a "hit list" of officers, including plaintiff, through the system to get them fired. Alvarez's notes indicate that Health Services personnel knew that plaintiff had "caused a lot of problems for bosses in [the] 43 and 50 [precincts]." From this evidence, a jury could reasonably infer that Edelman participated in the concerted effort to retaliate against plaintiff because Edelman knew of her protected activity.

Third, appellants argue that plaintiff's intentional infliction of emotional distress claim must fail because plaintiff provided insufficient evidence to sustain the claim. Again, we affirm the district court's ruling with respect to this claim substantially for the reasons provided in the district court's thorough opinion. *Gonzalez,* 147 F.Supp.2d at 194–95.

■ Appellants make one new argument on appeal with respect to plaintiff's intentional infliction of emotional distress claim. Relying on dictum in *Fischer v. Maloney,* 43 N.Y.2d 553, 558, 402 N.Y.S.2d 991, 373 N.E.2d 1215 (1978), appellants assert that "[i]t may be questioned whether the doctrine of liability for intentional infliction of extreme emotional distress should be applicable where the conduct complained of falls well within the ambit of other traditional tort liability." *Id.* As the district court noted, plaintiff's intentional infliction of emotional distress claim against Witkowich is based upon, *inter alia,* "forcing her to undergo unnecessary and humiliating examinations ... and caus[ing] unwarranted criminal charges to be brought against her." *Gonzalez,* 147 F.Supp.2d at 195. Assuming *arguendo* that duplicative claims are barred, plaintiff's intentional infliction of emotional distress claim is, quite simply, not duplicative of her false imprisonment claim and her claim is therefore not barred.

Appellants' remaining challenges to plaintiff's false imprisonment, unlawful detention, and unlawful search claims also fail. We affirm the district court's ruling on these claims for substantially the same reasons as provided in the district court's opinion. *See Gonzalez,* 147 F.Supp.2d at 199–203.

Alvarez given the unconditional May 3, 2000 letter they sent to the district court. The letter stated:

Defendants write to inform the Court that we have decided not to make a motion to preclude the notes and testimony of Adam Alvarez on the basis of attorney-client and/or attorney work-product privileges.

A clearer waiver of the attorney-client privilege is difficult to imagine.

Finally, we review for abuse of discretion the district court's decision to deny defendant's motion for a new trial or, in the alternative, for remittitur. *See Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 435, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996). As the district court acted well within its discretion here, we affirm the district court's ruling on these issues as well. *See Gonzalez*, 147 F.Supp.2d at 206–211.

For the reasons set forth above, the judgment of the district court is AFFIRMED.