Gloria E. **GONZALEZ**, Plaintiff,

v.

Police Commissioner William **BRATTON, et al.,** Defendants.

Nos. 96 Civ. 6330(VM), 97 Civ. 2264(VM).

United States District Court, S.D. New York.

Feb. 28, 2003.

Paul T. Shoemaker, Greenfield Stein & Senior, LLP, New York City, for Gloria E. Gonzalez, Plaintiff (1:96cv6330, 1:97cv2264).

Robert J. Rando, Arthur Matthew Peslak, Rando & Peslak, Levittown, NY, for Gloria E. Gonzalez, Plaintiff (1:96cv6330).

Paul W. Mahler, Rando & Peslala, Levittown, NY, for Gloria E. Gonzalez, Plaintiff (1:97cv2264).

Ann Marie Vroman, Esq., New York City Law Department, New York City, for Police Commissioner William Bratton, Police Commissioner Howard Safir, The New York City Police Department, Mayor, The City of New York, Joseph Powell, Anthony Kissik, Thomas Praskash, Marc Nell, Captain Wickowitch, Sergeant Burke, Defendants (1:96cv6330).

Ann Marie Vroman, Esq., Paul A. Crotty, New York City, for William Bratton, Howard New York City Police Commissioner, The New York City Police Department, Rudolph Giuliani, The City of New York, Stanley Edelman, Mark Nell, Sergeant Burke, Captain Wickowitch, Anthony Kissik, Thomas Praskash, Connolly, Defendants (1:97cv2264).

Paul Nack, Lysaght, Lysaght & Kramer, PC, Lake Success, NY, for Patrolmens Benevolent Association of the City of New York, Inc., Cross–Claimant (1:97cv2264).

## DECISION AND ORDER

MARRERO, District Judge.

By Decision and Order dated June 13, 2001 (the "Decision"),[1] this Court denied post-trial motions by defendants ("Defen-

---

**1.** The Decision is reported as *Gonzalez v. Bratton,* 147 F.Supp.2d 180 (S.D.N.Y.2001), *aff'd,* 48 Fed.Appx. 363 (2d Cir.2002).

dants"), including a motion for judgment as a matter of law or for a new trial, following a jury verdict in favor of plaintiff Gloria Gonzales ("Gonzalez") in her action charging Defendants with sexual discrimination. The Court also awarded Gonzalez attorneys' fees and disbursements covering proceedings in these actions relating to pretrial, trial and post-trial motions through January 29, 2001. *See Gonzalez,* 147 F.Supp.2d at 211–14. Gonzalez now moves for a supplemental award of $56,269.00 in attorneys' fees and $3,223.82 in disbursements in connection with legal services rendered after January 29, 2001 related to certain post-trial proceedings, preparation and enforcement of the judgment and response to Defendants' opposition to Gonzalez's original attorneys' fees application.

In addition, Gonzalez applied to the United States Court of Appeals for the Second Circuit for an award of attorneys' fees and costs related to responding to Defendants' appeal of the Decision.[2] By Order dated November 22, 2002, the Second Circuit remanded that application to this Court to determine the amount of allowable counsel's fees. For the reasons discussed below, and subject to the adjustments described, the motions are granted.

## I. *DISCUSSION*

### A. *SUPPLEMENTAL ATTORNEYS' FEES*

██ This Court's Decision was issued on June 15, 2001 and an amended judgment pursuant to it was signed on June 28, 2001 and docketed the following day. Gonzalez's request for a supplemental award of attorneys' fees was filed on October 29, 2002. Defendants contend that the

application is untimely because it was submitted long after the 14–day period permitted under Federal Rule of Civil Procedure 54(d)(2)(B) with respect to motions requesting awards of attorneys' fees. This period begins to run when the underlying judgment becomes final for appeal purposes. *See Weyant v. Okst,* 198 F.3d 311, 314–15 (2d Cir.1999) ("[W]e conclude that a Rule 54(d)(2)(B) motion is timely if filed no later than 14 days after the resolution of such a ... motion [for judgment as a matter of law, motion to amend judgment or motion for a new trial].") The Court rejects Defendants' position.

At the outset, the Court takes into account that the instant application does not constitute Gonzalez's initial application for attorneys' fees. The original application, which covered almost 95 percent of Gonzalez's claimed legal fees and costs, was timely made and ruled upon by the Court as part of the Decision. Rather, what Gonzalez seeks is a *supplemental* award of legal fees and costs for services performed after the original application was already under consideration by the Court. Of the total fees of $56,269 at issue, according to Defendants' own computation, $14,852 relate to services provided after the 14–day period of limitation. Insofar as the applicable standards and parameters governing the appropriateness of attorneys' fees here have already been litigated, decided by this Court and sustained on appeal, the prospects of Defendants not having sufficient notice of the scope of issues to appeal, and thus of the piecemeal appellate practice that Rule 54(d)(2)(B) sought to prevent, are minimized or eliminated altogether. *See generally* 10 James Wm. Moore *et al., Moore's Federal Practice* § 54.151[1], at 54–212 (3d ed.2002).

---

**2.** Defendants' appeal did not encompass the part of Court's Decision regarding to attorneys' fees.

Second, the Court considers that a substantial part of the counsel's fees encompassed in Gonzalez's supplemental application pertain to additional proceedings engendered by the less than forthcoming response by Defendants to the actions undertaken by Gonzalez and the Court to compel production of financial information in connection with the award of punitive damages. At the time Defendants assumed this posture of delay and reluctant compliance, the Court cautioned that the consequences of their actions could result in their incurring potentially greater liability for attorneys' fees.

Third, Rule 54(d)(2)(B) contemplates that the 14–day period for filing an application for counsel fees applies "[u]nless otherwise provided by statute or order of the court...." Fed.R.Civ.P. 54(d)(2)(B). Under Rule 6(b)(2), the Court has discretion, upon motion for cause shown, to extend the time required for a party to take a particular act provided by the Rules "where the failure to act was the result of excusable neglect...." Fed.R.Civ.P. 6(b)(2); *see also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Part.,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) (noting that the determination of excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.").

Part of the relevant circumstances Gonzalez cites as grounds for excusable neglect are Defendants' extended post-verdict delays and failure to diligently comply with the Court's orders regarding the determination of punitive damages, as well as the time and energies counsel expended responding to Defendants' appeal of the Court's Decision. Under the circumstances of this case, the Court concurs that the grounds for neglect cited by Gonzalez for the late filing of her supplemental attorneys' fees application are sufficient. Accordingly, it would be equitable for the Court to accept and consider the application at this time.

 Defendants next challenge the particulars of Gonzalez's application. They argue that counsel's hourly billing rates should be capped at the amounts the Court approved in the Decision, and that any services charged at higher rates are excessive. Defendants also maintain that the "lodestar" amount should be reduced by fees attributable to clerical and paralegal tasks performed by attorneys that could have been handled more economically by non-lawyers. The Court considered these issues in connection with its award of counsel's fees in the Decision. The Court finds no basis for limiting counsel's billing rate to the amounts previously approved. The charges considered in the Decision covered services through January 29, 2001; those at issue in the instant application relate to the period after that date, during which counsel's hourly rates were raised to adjust to higher costs of doing business. The Court regards the higher rates nonetheless as falling within the range of those considered reasonable under comparable circumstances. *See Rodriguez v. McLoughlin,* 84 F.Supp.2d 417, 421–23 (S.D.N.Y.1999); *Skold v. American Int'l Group, Inc.,* No. 96 Civ. 7137, 1999 WL 405539, at *7 (S.D.N.Y. June 18, 1999), *aff'd,* 205 F.3d 1324 (2d Cir.2000); *Lowrance v. Coughlin,* No. 88 Civ. 3343, 1995 WL 103277, at *1–3 (S.D.N.Y. March 8, 1995).

 In the Decision the Court reduced Gonzalez's application by 12 percent on account of ambiguities and vague, redundant or overlapping entries in counsel's time records that made it difficult for the Court to ascertain the appropriateness of some of the charges. The Court notes that some of the same practices and defi-

ciencies were manifest in the records submitted in support of the instant application. For these reasons the Court concludes that a reduction of 12 percent from the $59,492.82 total amount of fees and costs claimed, or $7,139.14, is warranted in this instance. Accordingly, the Court approves Gonzalez's supplemental application in an amount of $52,353.68.

## B. ATTORNEYS' FEES ON APPEAL

■ Gonzalez requested an award of attorneys' fees totaling $174,011.50 and $1,949.76 in costs incurred in connection with opposing Defendants' unsuccessful appeal of the judgment rendered pursuant to the Decision. Defendants contest the application as excessive beyond an amount of $111,547.10 in fees and $431.07 in costs. In support of the reduction they urge, Defendants argue that the "lodestar" amount should be lowered because (1) the hourly rates charged by Gonzalez's attorneys are too high; (2) counsel chose to pursue an unsuccessful objection to Defendants' request for an extension of time to perfect their appeal and for reconsideration of the denial of that motion; (3) the hours charged for the services of certain attorneys are excessive; (4) some of the attorneys' charges represent paralegal and clerical tasks that could be performed by non-legal staff; (5) travel time charges should be billed at lower rates; (6) some time billing records are vague and reflect "block billing".

The Court notes that the issues raised by these objections are essentially the same as those Defendants pressed before this Court in connection with Gonzalez's original and supplemental applications for attorneys' fees. Thus, insofar as the same matters were considered and settled previously, the Court applies the same reasoning and authorities to find likewise with regard to the fees disputed here.

For example, the Court has already found that the hourly rates charged by Gonzalez's attorneys, taking into account their experience, expertise, involvement in the case and their successful results, were reasonable in relation to the market for legal services of the type of case in question. See Gonzalez, 147 F.Supp.2d at 211–12. That their rate is modestly higher in this application is of no consequence because of the different time periods entailed: up to 2001 for services related to trial and post-trial proceedings and 2002 with respect to the appeal. In any event, as discussed above, even at the higher amounts the rates are still within the range that has been considered reasonable.

By the same token, the Court finds that the charges at issue in the appeal application merit some reduction for the same reasons that prompted the Court to lower them in connection with the original and supplemental requests already decided. Charges expended opposing Defendants' motion for enlargement of time to perfect their appeal, given the unique difficulties encountered by the City's Corporation Counsel's Office following the events of September 11, 2001, could have been avoided by consent and thus cannot be considered to be related to pursuing the merits of the appeal. In addition, the Court notes that the occasionally general, vague and, at times, duplicative style of billing entries that characterized counsel's time records in connection with the earlier applications also carry over with regard to the instant request, and for the same reasons justify reduction. On the basis of the Court's review of the parties' arguments and related documentation, the Court concludes that a reduction of 12 percent, or $21,115.35, from the total amount of counsel fees and costs of $175,961.26 claimed in connection with Gonzalez's appeal is warranted. The Court thus approves an

award of attorneys' fees totaling $154,845.91 with regard to Gonzalez's appeal.

### ORDER

For the reasons discussed above, it is hereby

**ORDERED** that plaintiff Gloria Gonzalez's supplemental motion for attorneys' fees and costs is granted and an award of $52,353.68 in fees and costs is approved in this regard; and it is further

**ORDERED** that Gonzales's application for attorneys' fees and costs incurred with respect to Defendants appeal of this Court's Decision in this matter is granted and an award of $154,845.91 in fees and costs is approved in this regard.

The Clerk of Court is directed to close this case.

**SO ORDERED.**