53 F.3d 331
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Abby GROSS, Plaintiff-Appellant, Cross-Appellee
v.
CITY OF CLEVELAND HEIGHTS, Defendant-Appellee Cross-Appellant.
 Nos. 93-3953, 93-3954.
 United States Court of Appeals, Sixth Circuit.
 May 1, 1995.
 
 1
 Before: KEITH and NELSON, Circuit Judges; and BELL, District Judge.*
 
 
 2
 PER CURIAM: Plaintiff-Appellant, Cross-Appellee, Abby Gross ("Gross" or "Plaintiff") appeals the amount of the district court's fee award asserting the district court impermissibly granted a "discount" to the Defendant because it was a municipality. Defendant-Appellee, Cross-Appellant, City of Cleveland Heights (the "City" or "City of Cleveland Heights" or "Defendant") appeals the district court's award of attorneys fees to Gross. For the reasons stated below, we VACATE the district court opinion and REMAND for specific findings of fact in the calculation of attorney's fees.
 
 I. Statement of the Case
 
 3
 On October 13, 1988, Gross filed an action against the City of Cleveland Heights challenging the constitutionality of a zoning ordinance insofar as it restricted political signs in residential districts. Gross sued on federal constitutional and state constitutional grounds. The merits of the case involved the issue of what governmental purposes and means may be used by a municipality to regulate the expressive conduct of posting residential signs.
 
 
 4
 In March and April, 1989, Gross and the City filed cross-motions for summary judgment primarily addressing the constitutionality of the ordinance. On March 19, 1990, the district court entered an order declaring the ordinance unconstitutional under Article I, Sec. 11 of the Ohio Constitution and enjoining the ordinance's enforcement.
 
 
 5
 On May 20, 1991, the district court was affirmed by this court. Rehearing en banc was denied on August 5, 1991. A writ of certiorari was not requested by the City.
 
 
 6
 On October 1, 1992, over thirty months after the judgment and sixteen months after its affirmance, Gross filed a motion for attorney's fees in the amount of $80,716 pursuant to the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. Sec. 1988 (1976 ed., Supp V) (the "Civil Rights Attorney's Fees Award Act"). Filed with the motion were four affidavits from attorneys working on the case: Gordon Beggs, Loiss Robinson, Stephen Gard and William Saks. On October 21, 1990, the City filed a motion to dismiss Gross's motion for attorney's fees or, alternatively, for additional time to respond to the motion. Gross filed a reply brief.
 
 
 7
 On July 12, 1993, the district court entered an order denying the City's motion to dismiss, granting Gross's motion for fees, and awarding fees. Fees were calculated at the rate of $60.00 per hour for 396.55 hours resulting in an award of $23,793. On July 14, 1993, the district court entered an order correcting the number of hours to 663.35 and adjusting the award to $39,801. On August 10 and August 20, 1993, Gross and the City, respectively, filed notices of appeal.
 
 II. Discussion
 
 8
 The City of Cleveland Heights raises four issues:
 
 
 9
 A. whether the district court abused its discretion by awarding attorney's fees given the tardiness of the motion by Gross;
 
 
 10
 B. whether the district court erred by allowing Gross's attorneys to recover on the hours related to federal claims since the district court ruled in favor of Gross based on state grounds.
 
 
 11
 C. whether the district court abused its discretion by awarding attorney's fees solely on the basis of Gross's attorneys' affidavits; and
 
 
 12
 D. whether the district court abused its discretion by denying the Defendant an opportunity to present evidence challenging Gross's attorneys' hourly rates and hours after denying Defendant's motion to dismiss.
 
 Gross raises one issue:
 
 13
 E. whether the district court abused its discretion by reducing its rate of attorney's fees based on Defendant's status as a municipality.
 
 
 14
 A. District court did not abuse its discretion by awarding attorney's fees in spite of the lateness of the motion for fees.
 
 
 15
 The City sets out three reasons why this court should reverse the district court's award of attorney's fees. The City argues 1) courts do not favor the untimely filing of motions for attorney's fees; 2) the passage of time in this case was prejudicial to the City and the courts; and 3) this court should rule Gross's motion was untimely as a matter of law.
 
 
 16
 The award of attorney's fees is reviewed for abuse of discretion. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); Louisville Black Police Officers Org., Inc. v. City of Louisville, 700 F.2d 268, 273-74 (6th Cir.1983). See also, Scales v. J.C. Bradford & Co., 925 F.2d 901, 909 (6th Cir.1991) ("We review the district court's decision with respect to the amount of attorney fees to which a prevailing party is entitled for an abuse of discretion.")
 
 
 17
 1. Untimeliness is not a bar to recovery.
 
 
 18
 The City cites White v. New Hampshire Dept. of Employment Security, 455 U.S. 445 (1982) as an example of the court system's disfavor of untimely filings for attorney's fees motions. White held a request for an award of attorneys fees under the Civil Rights Attorney's Fees Awards Act was not a motion to alter or amend judgment and thus not subject to a ten-day timeliness standard under Fed.Civ.R. 59(e). The White court states clearly:
 
 
 19
 Section 1988 authorizes the award of attorney's fees "in [the] discretion" of the court. We believe that this discretion will support a denial of fees in cases in which a postjudgment motion unfairly surprises or prejudices the affected party. Moreover, the district courts remain free to adopt local rules establishing timeliness standards for the filing of claims for attorney's fees.
 
 
 20
 455 U.S. at 454. While the City of Cleveland Heights cites White to urge this court to impose restrictions on the district court, White only states what the district court may do, not what it may not do. An abuse of discretion exists when the reviewing court is firmly convinced that a mistake has been made. Southward v. South Cent. Ready Mix Supply Corp., 7 F.3d 487 (6th Cir.1993). The mere fact of tardiness, however undesirable, does not remove discretion from the district court to grant fees.
 
 
 21
 2. Defendant was not unduly prejudiced by passage of time.
 
 
 22
 Defendant argues that the passage of time in this case was prejudicial to the City and the courts. Under the defense of laches, a district court may deny the award of attorney's fees if the delay causes unfair prejudice to the defendant. White, 455 U.S. at 454. Even a "plainly unreasonable" delay does not prove laches; "prejudice remains a significant factor." Baird v. Bellotti, 724 F.2d 1032, 1034 (1st Cir.1984). In the instant case the district court specifically held
 
 
 23
 In addition, the City presents no facts to indicate that it was unaware that Gross would seek attorney fees. Her claims for relief in her Complaint included one for "[a]ttorney fees pursuant to 42 U.S.C. Sec. 1988", and counsel for the plaintiff contacted the City concerning the request following the court's decision. These facts indicate that the City was aware at the outset and was reminded after the opinion of the court that Gross would assert her rights under the statute. The motion is not prejudicial to the City or to the court.
 
 
 24
 Memorandum of Opinion, July 12, 1993, at 5. The City claims it has suffered prejudice due to the passage of time because some key team members no longer work for the City and because some daily time records have been destroyed. Given the district court's determination that the City was aware Gross might request fees, the City did not submit sufficient evidence to show an abuse of discretion by the district court.
 
 
 25
 3. This court will not impose a time limit the Northern District of Ohio has chosen not to impose.
 
 
 26
 In addition, the City requests the court of appeals impose a time limit on the Northern District of Ohio which has declined to adopt a local rule governing this matter. This request is without merit. As was stated in White, "the district courts remain free to adopt local rules establishing timeliness standards for the filing of claims for attorney's fees." 455 U.S. at 454. District courts are not required to impose such time limits.
 
 
 27
 B. The district court did not err by allowing Gross's attorneys to recover for hours related to federal claims.
 
 
 28
 The City argues Gross's attorneys should not be allowed to recover on the hours related to federal claims since the district court ruled in favor of Gross based on the state claim. The district court correctly ruled in its opinion that Gross was entitled to attorney's fees for the work done on federal constitutional claims.
 
 
 29
 A district court should not reach a substantial issue of federal constitutional interpretation if alternate bases are available. Siler v. Louisville & Nashville R.R., 213 U.S. 175, 191 (1909). The Supreme Court expressed its approval of awarding attorney fees stating the awards further "the Congressional goal of encouraging suits to vindicate constitutional rights without undermining the longstanding judicial policy of avoiding unnecessary decision of important constitutional issues." Maher v. Gagne, 448 U.S. 122, 133 (1980). Moreover, "Gross's federal and state constitutional claims arose from the same facts and were pursued under the same legal theories." Memorandum at 6. Fees may be awarded to a prevailing party for work done on a claim which was not the winning claim but which involved the same facts and legal theories. Smith v. Robinson, 468 U.S. 992, 1006 (1984) (citing Hensley v. Eckerhart, 461 U.S. 424, 434-35 (1983)).
 
 
 30
 C. The district court failed to provide adequate findings of fact to support its award of attorney's fees.
 
 
 31
 In the remaining three issues, the City argues the district court abused its discretion by awarding attorney's fees based solely on the affidavits submitted by Gross's attorneys and by denying the City the opportunity to present evidence challenging the number of hours and hourly rates submitted by Gross. Gross argues the district court abused its discretion by reducing its rate of attorney's fees based on the City's status as a municipality. Because the district court fails to provide adequate factual findings on the record to support the amount of the award of attorney's fees, we decline to reach these issues. We instead remand for a more clearly stated determination of a reasonable fee award by the district court.
 
 
 32
 In Blum v. Stenson, 465 U.S. 886 (1984), the Supreme Court held it was proper to use the prevailing market rate in awarding attorney's fees to nonprofit legal services organizations. The Blum court began by analyzing the Civil Rights Attorney's Fees Award Act. The Court determined that legislative history indicated an intention under the Act that civil rights attorneys be awarded "fees which are adequate to attract competent counsel but which do not produce windfalls to attorneys." Id. at 894.
 
 
 33
 In Pennsylvania v. Delaware Valley Citizens' Council For Clean Air, 478 U.S. 546 (1986), the Supreme Court spoke again on the calculation of attorney's fees. While not mandating any particular method the court noted that
 
 
 34
 Blum restated that the proper first step in determining a reasonable attorney's fee is to multiply "the number of hours reasonably expended on the litigation times a reasonable hourly rate." [citation omitted]. We emphasized, however, that the figure resulting from this calculation is more than a mere "rough guess" or initial approximation of the final award to be made. Instead, we found that "[w]hen ... the applicant for a fee has carried his burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be the reasonable fee" to which counsel is entitled. [citation omitted]
 
 
 35
 Id. at 564. The fee applicant must carry his burden of establishing the claimed rate and number of hours are reasonable. In this case, however, because the district court did not make specific findings of fact on the reasonableness of attorney's hours and rates, we cannot fairly assess whether adequate information was presented to support the fee award. "[A] uniform approach to awarding fees, with a requirement that the district court make clear and adequate findings of fact on the record, is necessary in order that we may discharge our statutory duty to award a 'reasonable' fee." Northcross v. Board of Educ. of Memphis City Sch., 611 F.2d 624, 636 (6th Cir.1979), cert. denied, 447 U.S. 911 (1980). In Wooldridge v. Marlene Industries Corp., 898 F.2d 1169, 1176 (6th Cir.1990), this court addressed the reasonableness of hours billed by a prevailing party.
 
 
 36
 We apply a clearly erroneous standard when reviewing a district court's determination that a prevailing party has or has not worked the hours the party claims to have worked. We determine whether the District Court erred when reviewing legal questions concerning the relationship of the hours billed to the points on which the party prevailed. We look to see whether the District Court has misapplied the reasonable practices of the profession when determining whether a party used poor judgment in billing the opposing party for hours spent on a case. Coulter v. Tennessee, 805 F.2d 146, 150-51 (6th Cir.1986), cert. denied, 482 U.S. 914, 107 S.Ct. 3186, 96 L.Ed.2d 674 (1987).
 
 
 37
 In order for us to review a case, however, "[I]t remains important ... for the district court to provide a concise but clear explanation of its reasons for the fee award." Hensley, 461 U.S. at 437, 103 S.Ct. at 1941. A district court should state with some particularity which of the claimed hours the court is rejecting, which it is accepting, and why. Where a party raises specific objections to a fee award, a district court should state why it is rejecting them. Even if the defendant raises objections in a generalized manner, a district court has an obligation to review the billing statement and eliminate those portions of the fee which are unreasonable on their face.
 
 
 38
 The district court gave the following consideration to the determination of fees in the instant case:
 
 
 39
 Gordon J. Beggs, Lois Robinson, Stephen Gard, and William Saks, all attorneys associated with the American Civil Liberties Union of Ohio Foundation, Inc., each filed affidavits and time logs with the motion for fees. Mr. Beggs submits a daily log and [sic] showing 268 hours, Ms. Robinson submits a daily log showing 248.2 hours, Mr. Gard submits two logs (one covering May 1989 to March 1990 and one covering April 1990 to March 1992) showing 26.75 and 107.9 hours, and Mr. Saks submits a daily log showing 12.5 hours. Considering the hours preparing the pleadings at the trial level and the pleadings on appeal, these hours are reasonable.
 
 
 40
 The decision of what rates per hour are reasonable is within the District Court's discretion Incarcerated Men of Allen County Jail v. Fair, 507 F.2d 281, 288 (6th Cir.1974). Because the defendant is [sic] this case is a municipality the court's discretion is to be "exercised with a 'practical flexibility in shaping its remedies and by a facility for adjusting and reconciling public and private needs.' " [citation omitted]
 
 
 41
 For this reason, the court sets the hourly rate for this case at $60.00 per hour for time reasonably expended.
 
 
 42
 The court has concluded from the affidavits and logs that the hours are reasonable. Pursuant to the instruction of the Supreme Court in Hensley that rates are to be multiplied by reasonable hours expended to determine the fees awarded, id. at 1947, the court multiplied 396.55 hours times $60.00 for a total of $23,793.00. [NOTE: This figure was later corrected to $39,801.00.]
 
 
 43
 The district court provides no particular facts in its opinion indicating why the hours submitted were reasonable.
 
 
 44
 Moreover, the district court's reliance on Incarcerated Men, supra, is misplaced as that case was decided prior to the enactment of Sec. 1988. In addition, in Blum, the Supreme Court held attorney fee awards for nonprofit attorneys should be calculated under a market rate theory which takes into consideration the going rate for private "for profit" counsel. There is no indication that a separate calculation was intended for nonprofit attorneys suing the government. This type of standard would exempt municipalities from the full brunt of damages for civil rights violations. The City cites two unpublished cases from this circuit Roland v. Johnson, 9 F.3d 109 (6th Cir.1993) (unpublished) and Roland v. Johnson, 974 F.2d 1339 (6th Cir.1992) (unpublished). These cases, however, only demonstrate that the market rate should reflect the price of adequate representation.
 
 
 45
 The district court must follow the standards set out the Supreme Court and adopted by this Circuit. In Kelley v. Metropolitan County Bd. of Education, 773 F.2d 677 (6th Cir.1985), cert. denied, 474 U.S. 1083 (1986), this court noted
 
 
 46
 Fairly read, Northcross advises that the attorney's normal hourly billing rate should be a key focal point in award determinations. In the recent case of Blum v. Stenson, [citation omitted] the Supreme Court further instructed that "reasonable rates" are to be determined under Sec. 1988 "according to the prevailing market rates in the relevant community."
 
 
 47
 773 F.2d at 683. In Scales v. J.C. Bradford and Company, 925 F.2d 901 (6th Cir.1991), this Circuit upheld an award of attorneys fees stating
 
 
 48
 Using the "prevailing market rates" is a method to ensure that the proposed hourly rate requested in an application for fees is "reasonable." However, in this case the district court did not have to engage in this inquiry because he had previously been given the actual billing rates of plaintiff's attorneys. "The legislative history explains that 'a reasonable attorney's fee' is one that is adequate to attract competent counsel, but ... [that does] not produce windfalls to attorneys.' " [citation omitted]
 
 
 49
 Id. at 909. In the instant case, where the district court departed from the rates provided by Gross's attorneys, some reasoning must be provided as to why $60.00 per hour is a reasonable market rate. That reasoning does not depend on the status of the defendant.
 
 III. Conclusion
 
 50
 For the foregoing reasons, we VACATE the district court opinion and REMAND for specific findings of fact as to a reasonable amount of attorneys fees.
 
 
 
 *
 The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation