[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 12 2001
THOMAS K. KAHN
CLERK

No. 00-10658

D. C. Docket No. 98-00004-CV-3-LAC

MEMBERS FIRST FEDERAL CREDIT
UNION, LOUISVILLE, KY,

Plaintiff-Appellant,
Cross-Appellee,

Versus

MEMBERS FIRST CREDIT UNION OF
FLORIDA,

Defendant-Appellee,
Cross-Appellant.

Appeals from the United States District Court
for the Northern District of Florida

**(March 12, 2001)**

Before TJOFLAT, BARKETT and POLITZ*, Circuit Judges.

---

*Honorable Henry A. Politz, U.S. Circuit Judge for the Fifth Circuit, sitting by designation.

PER CURIAM:

Members First Federal Credit Union ("MFFCU") appeals the district court's denial of its motion for attorney's fees; Members First Credit Union of Florida ("MFCUF") cross-appeals the district court's (1) denial of its motion to modify injunction and (2) award of costs and attorney's fees incurred by MFFCU in opposing MFCUF's motion to modify injunction. We find no merit in the cross-appeal and accordingly affirm. See 11th Cir. R. 36-1. We find merit, however, in MFFCU's appeal.

The district court denied MFFCU's motion for attorney's fees on the ground that the motion was not filed within 30 days of the entry of judgment as required by N.D. Fla. R. 54.1. Judgment was entered on September 30, 1999. On October 12, 1999, MFFCU moved the court pursuant to Fed. R. Civ. P. 59 to alter or amend the judgment. The court denied the motion on November 10, 1999, and MFFCU filed its motion for attorney's fees 13 days later.

Fed. R. Civ. P. 54 (d)(2)(B) states that "[u]nless otherwise provided by statute or order of the court, [a motion for attorney's fees] must be filed and served no later than 14 days after entry of judgment." Fed. R. Civ. P. 83 authorizes the district courts to adopt local rules governing practice and procedure; included within such authorization are rules "establishing timeliness standards for the filing of claims for

2

attorney's fees." Zaklama, M.D. v. Mount Sinai Med. Ctr., 906 F.2d 645, 647 (11th Cir. 1990), quoting White v. New Hampshire Dept. of Employment Sec., 455 U.S. 445, 454, 102 S. Ct. 1162, 1168, 71 L. Ed. 2d 325 (1982). Drawing on this authority, the United States District Court for the Northern District of Florida adopted a rule providing that "a motion for award of attorney's fees . . . shall be filed and served within the time specified in the scheduling order. . . ." N.D. Fla. R. 54.1. The scheduling order in the instant case allowed a motion for attorney's fees to be filed "within 30 days after judgment."

A timely Rule 59 motion to alter or amend judgment operates to suspend the finality of the district court's judgment "pending the court's further determination whether the judgment should be modified so as to alter its adjudication of the rights of the parties." Browder v. Dir., Dep't of Corr., 434 U.S. 257, 267, 98 S. Ct. 556, 54 L. Ed. 2d 521 (1978), quoting Dep't of Banking v. Pink, 317 U.S. 264, 266, 63 S. Ct. 233, 234, 87 L. Ed. 254 (1942). Because the finality of a judgment is effectively postponed by the timely filing of a motion under Rule 59, we conclude that MFFCU's motion, filed within 30 days of the entry of final judgment as permitted by N.D. Fla. R. 54.1, was timely. The district court therefore erred in rejecting the motion as untimely. We consequently vacate its ruling and remand the case with the instruction

that the court consider the motion on its merits.  We of course intimate no view as to the outcome the court should reach.

AFFIRMED, in part, VACATED, in part, and REMANDED.