*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 05a0276p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

MILTIMORE SALES, INC.,

       *Plaintiff-Appellant,*

    *v.*

INTERNATIONAL RECTIFIER, INC.,

       *Defendant-Appellee.*

No. 04-1488

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 99-73401—Denise Page Hood, District Judge.

Argued: May 31, 2005

Decided and Filed: June 23, 2005

Before: MARTIN and ROGERS, Circuit Judges; FORESTER, District Judge.[*]

---

**COUNSEL**

**ARGUED:** Rodger D. Young, YOUNG & SUSSER, Southfield, Michigan, for Appellant. Raymond J. Carey, FOLEY & LARDNER, Detroit, Michigan, for Appellee. **ON BRIEF:** Rodger D. Young, Steven C. Susser, Terry Milne Osgood, YOUNG & SUSSER, Southfield, Michigan, for Appellant. Raymond J. Carey, FOLEY & LARDNER, Detroit, Michigan, for Appellee.

---

**OPINION**

---

    BOYCE F. MARTIN, JR., Circuit Judge. If a ten-day period and a fourteen-day period start on the same day, which one ends first? Most sane people would suggest the ten-day period. But, under the Federal Rules of Civil Procedure, time is relative. Fourteen days usually lasts fourteen days. Ten days, however, never lasts just ten days; ten days always lasts at least fourteen days. Eight times per year ten days can last fifteen days. And, once per year, ten days can last sixteen days. And this does not even take into account inclement weather. As we sometimes say in Kentucky, there's eight ways to Sunday.

    This case presents sort of an issue of first impression for this Court regarding the timeliness of motions for attorney fees under Federal Rule of Civil Procedure 54(d)(2)(B). After considering

---

[*]The Honorable Karl S. Forester, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Federal Rules of Civil Procedure 6, 54, 59, 83, and a sprinkle of Federal Rule of Appellate Procedure 4, we reverse.

## I.

The merits of the underlying contract dispute are not relevant to our consideration of the attorney fees dispute. In sum, however, the plaintiff, Miltimore Sales, Inc., sued the defendant, International Rectifier, Inc., for breach of contract. The jury found in favor of Miltimore Sales, Inc., and awarded some two million dollars in damages. On appeal, the jury verdict was affirmed by a different panel of this Court. *Miltimore Sales, Inc. v. Int'l Rectifier, Inc.*, 119 Fed. Appx. 697, 2004 WL 2452707 (6th Cir. 2004) (unpublished).

After the jury verdict, on December 19, 2001, the district court entered judgment in favor of Miltimore Sales, Inc. On January 2, 2002, International Rectifier, Inc., timely filed a "Renewed Motion for Judgment as a Matter of Law, or in the Alternative, for a New Trial and/or Remittitur pursuant to FRCP Rules 50 and 59." The filing was construed as a Rule 59(e) motion, and more than a year later, on February 12, 2003, the district court denied the Rule 59 motion. On February 26, fourteen days later, Miltimore Sales, Inc., filed its one and only petition for attorney fees and costs including all fees associated with the trial and defense of the post-judgment motion. The matter was referred to a magistrate who recommended dismissing Miltimore Sales, Inc.'s motion for fees as untimely. On March 29, 2004, the district court issued an order accepting the magistrate's report and recommendation. On April 5, Miltimore Sales, Inc., filed its timely notice of appeal to this Court.

## II.

The question in this case is simple: Is a motion for attorney fees under Rule 54(d)(2)(B) timely if filed within fourteen days of the district court's denial of a timely filed Rule 59(e) motion? The answer is also relatively simple: Yes. What this result means for litigants, however, and for their attorneys, who so desperately need compensation, is a bit more convoluted. The first part of this opinion explains why we conclude that Miltimore Sales, Inc.'s fee application was timely. The remainder of the opinion discusses why our answer and the Federal Rules create inefficiency and/or uncertainty for litigants in this context.

### A.

Federal Rule of Civil Procedure 54 addresses petitions for attorney fees and the time within which a motion for fees must be filed. Section (d)(2)(B) provides the time for filing and states that "[u]nless otherwise provided by statute or order of the court, the motion [for attorney fees] must be filed no later than 14 days after entry of judgment." Fed. R. Civ. P. 54(d)(2)(B). Rule 54(a) defines the term "judgment" and states that a judgment "includes a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a).

The first step in ascertaining whether a fee application is timely is determining when to start the clock. International Rectifier, Inc. argues that the "judgment" in this case was entered on December 19, 2001, when the district court entered judgment on the jury verdict. Thus, International Rectifier, Inc. asserts that any motion for fees must have been filed within fourteen days of December 19, 2001 — that is, by January 2, 2002. Miltimore Sales, Inc. argues conversely that while the judgment was entered on December 19, 2001, the judgment did not become an "order from which an appeal lies" under Rule 54(a), and was not the "final judgment" as described in Rule 54's Advisory Committee Notes, until February 12, 2003, when the district court denied International Rectifier, Inc.'s timely filed Rule 59(e) motion. In support of its argument, Miltimore Sales, Inc. points to Federal Rule of Appellate Procedure 4 and this Court's decision in *Brown v. Local 58 International Brotherhood of Electrical Workers*, 76 F.3d 762 (6th Cir. 1996). Federal

Rule of Appellate Procedure 4 addresses the effect of the filing of post-judgment motions on the time for appeal. Rule 4(a)(4)(A) provides that if certain post-judgment motions, including a Rule 59(e) motion, are filed following the entry of judgment, "the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion." Thus, says Miltimore Sales, Inc., if a timely filed Rule 59(e) motion prevents an appeal of the underlying judgment until the Rule 59(e) motion is disposed of, then logically, the judgment cannot be "an order from which an appeal lies" until the disposition of the Rule 59(e) motion. We agree.

Our decision in *Brown* is clearly applicable. *Brown* dealt with a now-repealed Eastern District of Michigan Local Rule 54.2, but the analysis is logically indistinguishable. In *Brown*, the losing party, Local 58, filed a Rule 59(e) motion following the entry of judgment. *Brown*, 76 F.3d at 765. Brown did not file his fee application until after the district court disposed of the Rule 59(e) motion, but filed it within the thirty-day period prescribed by the local rule. *Id.* at 767-68. The district court concluded that the motion was timely and this Court affirmed, stating that "the district court properly focused on whether an appeal could have been taken from [the] order," and that Local 58's motion for an alternative order, i.e., a Rule 59(e) motion, "prevented either party from appealing" until the motion was ruled upon. *Id.* at 767. Thus, this Court held that "final judgment for purposes of [Brown's] fee application was the court's denial of Local 58's motion for entry of an alternative order." *Id.* The clear holding from *Brown* is that a fee application is timely if filed within the applicable limitations period following the disposition of a Rule 59(e) motion.

We note some possible confusion from the fact that Rule 54 itself uses the term "judgment" while the Advisory Committee Notes to the 1993 Amendments use the term "final judgment." Despite the inconsistency in language, the outcome is the same. "A judgment is said to be final if it conclusively determines the rights of the parties to the litigation and leaves nothing for the court to do but execute the order." *Weyant v. Okst*, 198 F.3d 311, 314 (2d Cir. 1999) (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978)). A jury verdict and the entry of judgment does just this. However, "a timely petition for rehearing [i.e., a Rule 59(e) motion] tolls the running of the [appeal] period because it operates to suspend the finality of the . . . court's judgment, pending the court's further determination whether the judgment should be modified so as to alter its adjudication of the rights of the parties." *Browder v. Dir., Dept. of Corr.*, 434 U.S. 257, 267 (1978); *see also Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989) (stating that the time for appeal does not begin to run "until the District Court has had an opportunity to dispose of all motions that seek to amend or alter what otherwise might appear to be a final judgment."); 12 *Moore's Federal Practice* § 59.12[1], at 59-38 (3d ed. 1999) (a "timely motion under Rule 59 destroys the finality of the judgment"). Thus, when a Rule 59(e) motion is filed and finality is suspended, the judgment is neither final nor an "order from which an appeal lies." Fed. R. Civ. P. 54(a). When the district court disposes of the Rule 59(e) motion, that order itself is not the "final" judgment, nor is it itself "an order from which an appeal lies"; instead, the disposition of the Rule 59(e) motions is an order or ruling that reinstates the finality of the original entry of judgment and a ruling that makes the underlying judgment appealable.

We now join the Second and Eleventh Circuits in holding that a fee application is timely in these circumstances. In *Weyant v. Okst*, the district court entered judgment in favor of the plaintiff on April 15, 1998. 198 F.3d at 313. On April 21, the defendant filed post-trial motions pursuant to Federal Rule of Civil Procedure 59(e) and the motions were denied in an order docketed on October 21. *Id.* On April 23, the plaintiff filed an initial application for fees and expenses, the merits of which were decided in the district court's October 21 order. *Id.* On October 22, the plaintiff filed a supplemental fee application for the costs incurred in successfully opposing the defendant's post-trial motions. *Id.* The district court dismissed the supplemental application as untimely finding that judgment was entered on April 15. *Id.* The Second Circuit reversed, holding that the "supplemental application was timely and that [the prevailing party] was entitled to

reasonable attorney's fees for services rendered in the period following his initial application." *Id.* at 314.

The court noted that "[p]rior to 1993, there was no specific deadline for making an application for attorney fees." *Id.* For many reasons, one of them being efficiency, Congress amended Rule 54 in 1993, and it now provides, as indicated above, that a party seeking to recover attorney fees generally must file a motion "no later than 14 days after entry of judgment." Fed. R. Civ. P. 54(d)(2)(B). Behind this change in the Rule was Congress's desire to "minimize the need for piecemeal appeals," *Weyant*, 198 F.3d at 314, as well as a desire to allow district courts to rule on fee applications in time for an appellate court to review both the merits of the appeal and any fee application decisions. *Id.* (citing Fed. R. Civ. P. 54 Advisory Committee Note (1993)).[1]

The Second Circuit concluded that:

> Because the 14-day period established by Rule 54(d)(2)(B) for the filing of a motion for attorneys' fees was introduced in large part to avoid piecemeal appeals of merits and fees questions, that 14-day period begins to run with the entry of a final judgment. And because the finality of a judgment is negated by the timely filing of a motion under Rule 50(b), 52(b), or 59, we conclude that a Rule 54(d)(2)(B) motion is timely if filed no later than 14 days after the resolution of such a Rule 50(b), 52(b), or 59 motion.

*Id.* at 315.

In *Members First Fed. Credit Union v. Members First Credit Union of Florida*, 244 F.3d 806 (11th Cir. 2001), the Eleventh Circuit reached the same result. In that case, as permitted by the Federal Rules, the Northern District of Florida adopted a thirty-day time period for fee applications. *Id.* at 806. The Eleventh Circuit held that "[a] timely Rule 59 motion to alter or amend judgment operates to suspend the finality of the district court's judgment pending the court's further determination whether the judgment should be modified so as to alter its adjudication of the rights of the parties." *Id.* at 807. Furthermore, "[b]ecause the finality of a judgment is effectively postponed by the timely filing of a motion under Rule 59, we conclude that [the fee application] filed within 30 days of the entry of final judgment as permitted by N.D. Fla. R. 54.1, was timely." *Id.*

### B.

Contrary to International Rectifier, Inc.'s suggestion, our conclusion is entirely consistent with the Advisory Committee Notes to Rule 54. For example, the notes state that, "[o]ne purpose of this provision is to assure that the opposing party is informed of the claim before the time for appeal has elapsed." Because the time for appeal cannot elapse until thirty days after a Rule 59(e) motion is ruled upon, *see* Fed. R. App. P. 4(a)(4)(A), the fourteen-day time period within which to file a fee application under Rule 54(d)(2)(B) will necessarily provide the opposing party with notice of the fee application prior to the expiration of the time for appeal.

International Rectifier, Inc. also points to an additional Advisory Committee Note that states that a motion for fees need not be immediately supported by evidentiary material, but "[w]hat is required is the filing of a motion sufficient to alert the adversary and the court that there is a claim for fees." This note, International Rectifier, Inc. claims, supports a finding that a fee application is untimely if not filed within fourteen days of the initial entry of judgment — in this case, the December 19th judgment — regardless of any post-judgment motions. International Rectifier, Inc.

---

[1] This of course did not happen here, but through no fault of the litigants. Miltimore Sales, Inc.'s fee application was pending for thirteen months.

reads too much into this sentence and fails to read it in the context of the previously referenced note stating that notice is desired, and will in fact occur, "before the time for appeal has elapsed." The Advisory Committee note is therefore entirely consistent with our conclusions and provides no support for International Rectifier, Inc.'s argument.

The note upon which International Rectifier, Inc. relies most heavily, which also appears to be the basis for the district court's decision, states that: "A new period for filing [a fee application] will automatically begin if a new judgment is entered following a reversal or remand by the appellate court or the granting of a motion under Rule 59." The district court and International Rectifier, Inc. apparently have read this to mean that there is no suspension of the filing period, and that there is a new period for filing only if the district court *grants* a Rule 59 motion, not if it denies the motion as happened in this case. We find this argument to be unconvincing for several reasons. First, this interpretation would mean that a prevailing party could never recover fees for its successful defense of post-judgment Rule 59 motions. Second, this note refers to a "new judgment." Upon a reversal or remand by an appellate court, a "new" judgment necessarily is entered, because the original judgment has been reversed or vacated. After entry of the "new" judgment, the new prevailing party should of course have a new fourteen-day period within which to recover fees incurred. Likewise, when the district court grants a Rule 59 motion, it necessarily means that the district court either (a) reversed itself and is entering judgment for the losing party, or (b) is amending the judgment based on the request of the prevailing party. In situation (a), there is a new prevailing party and it makes sense, therefore, for that party to have an opportunity to file a motion for fees. In situation (b), the prevailing party can now collect fees for its successful motion to amend the verdict. International Rectifier, Inc.'s argument based on this note, like the remainder of its arguments, is like the dog that won't hunt — meritless.

### C.

In this case, the district court entered judgment on December 19, 2001. This means that pursuant to the ten-day time limit, excluding Saturdays, Sundays, and legal holidays — in this case Christmas Day and New Year's Day — International Rectifier, Inc.'s post-judgment motions were timely if filed on or before January 4, 2002. Pursuant to the fourteen-day time limit, including Saturdays, Sundays, and legal holidays, Miltimore Sales, Inc.'s application for attorney fees must have been filed by January 2, 2002, unless finality was destroyed.[2]

On January 2, 2002, International Rectifier, Inc. filed a Rule 59 motion that destroyed the finality of the December 19, 2001 judgment. Thus, while we only know this retrospectively, and Miltimore Sales, Inc. could not have known this at the time, the fourteen-day period did not begin to run. Because International Rectifier, Inc. filed a Rule 59 motion that destroyed finality, the judgment was not "an order from which an appeal lies." Fed. R. Civ. P. 54(a). The judgment did not become appealable until February 12, 2003, when the district court denied International Rectifier, Inc.'s Rule 59 motion, and therefore, no fee application was due until fourteen days later. Miltimore Sales, Inc. filed its motion for fees under Rule 54(d)(2)(B) on February 26, 2003, within the fourteen-day period, and its motion was therefore timely.

### D.

We hold that because a timely filed Rule 59(e) motion destroys the finality of judgment, a motion for attorney fees filed pursuant to Federal Rule of Civil Procedure 54(d)(2)(B) is timely if filed within fourteen days of the order disposing of the Rule 59(e) motion.

---

[2]This case is therefore, an example of a ten-day time period lasting sixteen days — and two days longer than a fourteen day time period.

**III.**

A.

We write further to discuss the effect of the Federal Rules for those in practice. As the Advisory Committee Notes discuss, one of the reasons the fourteen-day limit was adopted, as opposed to no time limit was, theoretically, for increased efficiency in processing motions for fees. The practical effect, however, is decreased efficiency and increased uncertainty — not to mention more paperwork. In nearly every case where attorney fees are available, the prevailing party will now need to file not one, but two fee applications — an initial fee application for fees incurred securing the favorable judgment, and a supplemental application for fees incurred defending post-judgment motions such as Rule 59(e) motions. As the Second Circuit in *Weyant* noted, "[a]s a practical matter . . . given the time constraints imposed by the various Rules, [one fee application] will rarely be possible." *Weyant*, 198 F.3d at 314. The bizarre timing situations occur by virtue of adding Federal Rule of Civil Procedure 6 to the mix. The time limit for filing a Rule 59(e) post-judgment motion is ten days. Fed. R. Civ. P. 59(e). The time limit for filing the fee application under Rule 54(d)(2)(B) is fourteen days. Fed. R. Civ. P. 54(d)(2)(B). Federal Rule of Civil Procedure 6 states that the computation for the ten-day period applicable to Rule 50(b), 52(b), or 59 motions *excludes* intermediate Saturdays, Sundays, and legal holidays. *See* Fed. R. Civ. P. 6(a). The computation for the fourteen-day period within which the prevailing party must file a fee application *includes* intermediate Saturdays, Sundays, and legal holidays. *See id.* Therefore, "the 14-day period will never be longer than the 10-day period and in some cases will be shorter." *Weyant*, 198 F.3d at 315. Stated another way, the ten-day period prescribed by the Federal Rules *always* lasts *at least* fourteen days. The end result of this dubious occurrence is that, because the Rule 59(e) time limit and the Rule 54(d)(2)(B) time limit almost always expire on the same day, the prevailing party will never know if finality has been destroyed, and consequently, the prevailing party must file a fee application within the first fourteen days or risk expiration of the time period.

To elaborate further, in a "normal" time period — that is, one without any intervening legal holidays — the ten-day period and the fourteen-day period end on the same day. This is because every ten-day period will include four weekend days that are omitted from the calculation. The result of the time limits expiring on the same day is that nearly always, the prevailing party will have to file a fee application without regard to whether the losing party will file a Rule 59 or other applicable post-judgment motion. With the time periods expiring on the same day, and because litigants rarely file anything early, prevailing parties simply will not have notice that any post-judgment motions have been filed and, therefore, will not know, until it is too late, whether finality has been destroyed. In essence, this means that whether finality is destroyed, and thus, when the fourteen-day time limit for fee applications expires, is entirely up to the *losing party*. If the losing party files a Rule 59(e) motion, finality is destroyed and the fee application is not due until later — that is, a Rule 59(e) motion will always toll the time limit for attorney fees regardless of whether the prevailing party filed a fee application. If the losing party does not file a Rule 59(e) or other applicable post-judgment motion, then the fee application remains due fourteen days after the initial entry of judgment.

Thus, the prudent prevailing attorney, not wishing to leave the fate of her paycheck in the hands of her opponent, will file a fee application in all circumstances, fourteen days after the initial entry of judgment. Of course, sometimes the absent-minded or negligent prevailing attorney might fail to file the fee application, but will receive a reprieve by virtue of his opponents filing a Rule 59 motion. Regardless, after the disposition of the post-judgment motions, the prevailing party will file another fee application to recover those fees incurred in the successful defense of the post-judgment motions.

More bizarre is when the ten-day period lasts fifteen or sixteen days and the fourteen-day period lasts only fourteen days. For each legal holiday in any given time period,[3] the ten-day period lasts one day *longer* than the fourteen-day period. Thus, a losing party will have an extra day to decide, based on various considerations, whether to file any post-judgment motions. In any event, the only way the prevailing party can avoid filing an initial fee application and a later supplemental application is if the losing party files its post-judgment motions early enough, such that the prevailing party has notice that the initial entry of judgment will not become final upon the expiration of the ten-day period for post-judgment motions.

As the Second Circuit opined, "[i]t would perhaps be more efficient if a prevailing party were to delay filing any fee application until postjudgment motions under Rules 50(b), 52(b), and 59 have been decided, thereby allowing him to file a single application encompassing all services performed in connection with the district court proceedings." *Weyant*, 198 F.3d at 314. Yes, it would be more efficient. But, as that court noted, and as we have described above, efficiency will rarely, if ever, be possible under this complex set of rules.

B.

Finally, we note that all of this trouble can easily be avoided by the adoption of local rules by the district courts. Federal Rule 54(d)(2)(B) provides for a fourteen-day time period for attorney fee applications "[u]nless otherwise provided by statute or order of the court." Federal Rule of Civil Procedure 83 authorizes district courts to adopt local rules governing practice and procedure, including governing the timeliness standards for the filing of applications for attorney fees. *See e.g.*, *Gross v. City of Cleveland Heights*, 53 F.3d 331, 1995 WL 256303 (6th Cir. 1995) (unpublished) (citing *White v. New Hampshire Dept. of Employment Security,* 455 U.S. 445, 454 (1982)). Drawing upon this authority, three[4] of the nine judicial districts within the Sixth Circuit have adopted a local rule. The Eastern District of Kentucky Local Rule 54.4 and the Western District of Kentucky Local Rule 54.4 both specify that an application for attorney fees is timely if filed "no later than thirty days after judgment." The Middle District of Tennessee, in Local Rule 13(e)(1), has also adopted a thirty-day time period from the entry of the "final judgment."

A thirty-day time limit for fee applications reduces the uncertainty and eliminates the practical problems described above. Because post-judgment Rule 59 motions are due within ten days (even though it is always at least fourteen days), the prevailing party will always know whether post-judgment motions have been filed prior to the expiration of a thirty-day time limit for filing a fee application. Therefore, the prevailing party will know whether the initial entry of judgment is "an order from which an appeal lies," Fed. R. Civ. P. 54(a), well before it is required to file its fee application. Consequently, the prevailing party will know whether it can avoid filing two fee applications, because it can wait until the district court disposes of any post-judgment motions, and can file one application covering all expenses incurred in the district court.

---

[3]Under Rule 6(a), the term "legal holiday" includes "New Year's Day, Birthday of Martin Luther King, Jr., Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans Day, Thanksgiving Day, Christmas Day, and any other day appointed as a holiday by the President or the Congress of the United States, or by the state in which the district court is held." Fed. R. Civ. P. 6(a).

[4]We note that the district at issue here, the Eastern District of Michigan, used to have a thirty-day local rule, but has since repealed it. The adoption of local rules is, of course, within the discretion of the district judges, but we have raised the issue so that those courts that wish to avoid the uncertainty and inefficiencies may do so.

## IV.

The district court's judgment is REVERSED and the case is REMANDED for consideration of the merits of Miltimore Sales, Inc.'s fee application.