RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 15a0061p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
———————————

SLEP-TONE ENTERTAINMENT CORPORATION,

*Plaintiff-Appellee,*

*v.*

KARAOKE KANDY STORE, INC.; CHARLES M. POLIDORI,

*Defendants-Appellants.*

No. 14-3117

———————————

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland
No. 1:10-cv-00990—Donald C. Nugent, District Judge.

Argued: January 23, 2015

Decided and Filed: April 6, 2015

Before: MERRITT, MOORE, and DONALD, Circuit Judges.

———————————

## COUNSEL

**ARGUED:** John J. Okuley, OKULEY SMITH LLC, Columbus, Ohio, for Appellants. James M. Harrington, HARRINGTON LAW, P.C., Pineville, North Carolina, for Appellee. **ON BRIEF:** John J. Okuley, OKULEY SMITH LLC, Columbus, Ohio, for Appellants. James M. Harrington, HARRINGTON LAW, P.C., Pineville, North Carolina, for Appellee.

———————————

## OPINION

———————————

KAREN NELSON MOORE, Circuit Judge. Plaintiff Slep-Tone Entertainment Corp. sued Defendants Karaoke Kandy Store, Inc., and Charles M. Polidori under federal and state law for unlawfully selling hard drives bearing Slep-Tone's registered trademarks without authorization. After a four-day trial, the jury answered a single interrogatory finding that the

1

Defendants had not infringed Slep-Tone's trademarks, and, based on the jury's answer, the district court entered judgment in the Defendants' favor. Slep-Tone has appealed this judgment in case No. 13-1405, which is before this panel. In a separate opinion, we stayed that appeal and remanded the case to the district court because Slep-Tone's timely post-judgment motion for findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52 remains pending before the district court. In this appeal, the Defendants argue that the district court erroneously denied their motion for attorney fees under 15 U.S.C. § 1117(a) following the judgment in their favor. For the following reasons, we **REMAND** this case to the district court for further proceedings consistent with this opinion.

## I. BACKGROUND

Slep-Tone brought this action for monetary damages and injunctive relief alleging that the Defendants violated federal and state law by copying karaoke tracks containing Slep-Tone's registered marks onto computer hard drives and then selling those tracks without authorization. R. 1 (Complaint at 4–5) (Page ID #4–5). The parties engaged in contentious discovery, with both sides filing a number of discovery motions and seeking sanctions for discovery-related conduct. Following discovery, the district court granted the Defendants' motion for summary judgment, but we reversed and remanded the case to the district court for additional discovery and/or trial. *See Slep-Tone Entm't Corp. v. Karaoke Kandy Store, Inc.*, 517 F. App'x 339 (6th Cir. 2013).

On remand, the district court set the case for a jury trial per Slep-Tone's demand. *See* R. 1 (Complaint) (Page ID #1). Days before trial, Slep-Tone disclaimed all monetary damages and expressed a desire to proceed with a bench trial on its claims for equitable relief. R. 92 (Disclaimer of Damages) (Page ID #2154). Despite this, the district court empaneled a jury, although it appears the jury was sworn as an "advisory jury" pursuant to Federal Rule of Civil Procedure 39(c)(1).[1]  *See* R. 110 (D. Ct. J. at 1) (Page ID #2274). Following presentation of the evidence, the district court submitted a single interrogatory to the jury, which asked

---

[1]Rule 39(c)(1) states: "[i]n an action not triable of right by a jury, the court, on motion or on its own . . . may try any issue with an advisory jury." Fed. R. Civ. P. 39(c)(1). Although the district court's judgment indicates that the jury was sworn pursuant to Rule 39(c)(1), the record before us does not otherwise state that the jury was treated as advisory.

whether "Plaintiff proved by a preponderance of the evidence that the Defendants infringed on Plaintiff's trademarks." R. 122 (Trial Tr. at 133) (Page ID #2947). The jury answered, "No." *Id*. at 146 (Page ID #2960). Based on the jury's answer, the district court entered judgment for the Defendants on August 23, 2013. R. 110 (D. Ct. J. at 2–3) (Page ID #2275–76).

Shortly thereafter, Slep-Tone filed a timely "Request for Entry of Findings of Fact and Conclusions of Law." R. 111 (Slep-Tone Request) (Page ID #2277). Slep-Tone asserted that the case was tried to an advisory jury and asked the court to enter findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52. *Id*. (Page ID #2277). Two weeks later, before the district court or the Defendants took any action in response to this request, Slep-Tone filed a notice of appeal of the district court's final judgment. Slep-Tone's Rule 52 motion remains pending before the district court.

Twenty-one days after entry of the district court's judgment in their favor, the Defendants filed a motion for attorney fees under 15 U.S.C. § 1117(a) and for sanctions under Federal Rules of Civil Procedure 11 and 37. R. 113 (Defs. Mot. for Sanctions and Atty. Fees) (Page ID #2280). Apparently concerned that their motion might be deemed tardy, the Defendants also filed a motion for extension of time under Federal Rule of Civil Procedure 54, which requires that post-trial motions for attorney fees must be filed within fourteen days of judgment, Fed. R. Civ. P. 54(d)(2)(B)(i); however, they offered no justification for the timing of their filing. R. 114 (Defs. Mot. to Extend Time for Rule 54 Mot. at 1) (Page ID #2297). The district court denied both motions. R. 126 (Op. Denying Mot. for Fees) (Page ID #2976). The district court found that the Defendants' request for attorney fees was untimely under Rule 54, but nevertheless denied the request on the merits, after finding that this was not an "exceptional case" warranting fees to the prevailing party under 15 U.S.C. § 1117(a). The district court also denied the Defendants' request for sanctions under Rules 11 and 37.

While the parties were briefing the Defendants' motion for attorney fees and sanctions, Slep-Tone pursued its appeal challenging the district court's final judgment in the Defendants' favor. In that appeal, appellate case No. 13-4105, Slep-Tone argued that the judgment for the Defendants was clearly erroneous and that the district court erred by failing to enter findings of fact and conclusions of law as required by Rule 52. But we held in a separate opinion that,

because the district court has not ruled on Slep-Tone's Rule 52(b) motion, we do not have appellate jurisdiction to resolve the issues raised in that appeal. We thus stayed that appeal and remanded to the district court to rule on the pending Rule 52 motion.

In this appeal, the Defendants argue that the district court abused its discretion by denying their motion for attorney fees because the case was exceptional due to Slep-Tone's litigation conduct and its pursuit of meritless claims.[2] In response, Slep-Tone argues that the district court's order denying the Defendants attorney fees was proper because the motion for fees was untimely under Rule 54 and because this is not an exceptional case under § 1117(a). In addition, Slep-Tone has filed a motion for appellate sanctions under Federal Rule of Appellate Procedure 38 on the ground that the Defendants' appeal is frivolous because the attorney fee motion was untimely.

## II. ANALYSIS

As a threshold matter, we conclude that the Defendants' motion for attorney fees was not untimely. Federal Rule of Civil Procedure 54 addresses the time within which a motion for attorney fees must be filed. Under Rule 54, "[u]nless a statute or a court order provides otherwise, the motion [for attorney fees] must . . . be filed no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i). Section 1117(a) does not provide otherwise, so the fourteen-day deadline applies. Rule 54 defines "judgment" as "a decree and any order from which an appeal lies." *Id*. at Rule 54(a). The district court may, for good cause, extend the fourteen-day deadline "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

Here, the district court found the Defendants' motion for attorney fees was untimely under Rule 54(d)(2)(B) because the Defendants filed their motion on September 13, 2013, twenty-one days after entry of the court's August 23, 2013 judgment, and the Defendants offered no excuse for the untimely filing. But the district court failed to recognize that Slep-Tone's timely Rule 52 motion, filed on September 5, 2013, was pending when the Defendants filed their motion for fees, thus tolling Rule 54(d)(2)(B)'s fourteen-day period pending resolution of the

---

[2] The Defendants do not appeal the district court's denial of sanctions under Rules 11 and 37.

post-judgment motion. *See Brown v. Local 58, Int'l Bhd. of Elec. Workers, AFL-CIO*, 76 F.3d 762, 767 (6th Cir. 1996) (holding that the final judgment for purposes of determining the timeliness of a fee application was resolution of the post-judgment motion to alter the judgment).

We explained the effect that a post-judgment motion to amend or alter a final judgment has on Rule 54's fourteen-day timeliness cutoff in *Miltimore Sales, Inc. v. International Rectifier, Inc.*, 412 F.3d 685, 687–88 (6th Cir. 2005). In that case, the defendant filed a timely Federal Rule of Civil Procedure 59(e) motion following a final judgment in the plaintiff's favor. *Id*. at 690–91. The district court denied the Rule 59(e) motion almost two months after entering the final judgment. Then, fourteen days after denial of the Rule 59(e) motion, the plaintiff filed its motion for attorney fees. *Id*. The district court found the fees motion untimely under Rule 54(d)(2)(B), but we reversed, holding that the Rule 54 clock did not start until after resolution of the Rule 59(e) post-judgment motion. We explained that because Rule 54 defines judgment as "any order from which an appeal lies," Fed. R. Civ. P. 54(a), and because Federal Rule of Appellate Procedure 4(a)(4)(A) prevents an appeal until the district court rules on the Rule 59(e) post-judgment motion, the original judgment is not a final "judgment" under Rule 54 until the post-judgment motion is resolved. *Id*. at 687–88. In other words, a timely post-judgment motion "tolls the running of the [appeal] period because it operates to suspend the finality of the . . . court's judgment, pending the court's further determination whether the judgment should be modified." *Id*. at 688 (internal quotation marks omitted) (alterations in original). As a result, "a Rule 54(d)(2)(B) motion is timely if filed no later than 14 days after the resolution of . . . a Rule 50(b), 52(b), or 59 motion." *Id*. at 689 (quoting *Weyant v. Okst*, 198 F.3d 311, 315 (2d Cir. 1999)).

The same goes here. Like Rule 59(e), a Rule 52(b) motion for additional findings of fact is included in the list of post-judgment motions under Federal Rule of Appellate Procedure 4 that render a notice of appeal ineffective until the motion is decided. *See* Fed. R. App. P. 4(a)(4)(A)–(B). This means that an appeal cannot be taken from a final judgment while a timely Rule 52(b) motion challenging that judgment is pending. *Id*. at Rule 4(a)(4)(B)(i) (stating that a notice of appeal "becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion [listed in Rule 4(a)(4)(A)] is entered."); *Patterson v.*

*Anderson*, 586 F. App'x 657, 662 (6th Cir. 2014) ("[T]he timely filing of a motion listed in Rule 4(a)(4)(A) . . . has been held to suspend or render dormant a notice of appeal"). Thus, like *Miltimore*, Slep-Tone's timely Rule 52 post-judgment motion "suspend[ed] the finality" of the August 23, 2013 judgment, making the judgment no longer an "order from which an appeal lies" under Rule 54(a). *Miltimore*, 412 F.3d at 688–89 (listing Rule 52(b) motions among the post-judgment motions that toll the Rule 54(d)(2)(B)(i) fourteen-day period). Consequently, the Rule 54(d)(2)(B)(i) fourteen-day clock does not start until after Slep-Tone's Rule 52(b) motion is decided, and because that motion remains pending, the Defendants' fees motion was not untimely.

This brings us to the second issue—whether this is an "exceptional case" warranting attorney fees under § 1117(a). But, like the companion appeal in case No. 13-4105, we must remand this issue to the district court. As stated above, we remanded No. 13-4105 because Slep-Tone's Rule 52 motion for findings of fact and conclusions of law remains pending. We did so because the August 23, 2013 judgment is no longer a final appealable order—the judgment was suspended by Slep-Tone's post-judgment motion. *Miltimore*, 412 F.3d at 688; *Patterson*, 586 F. App'x at 662. Regarding the issue in this appeal, the question of whether this case is exceptional enough to merit fees to the prevailing party under § 1117(a) could very well turn on the district court's final findings of fact and conclusions of law. Indeed, resolution of the pending motion could amend the judgment or clarify the issues in a way that is relevant to whether this case is exceptional under § 1117(a).

Moreover, after the district court denied the Defendants' fees motion (but while the final judgment was suspended), the Supreme Court decided *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, which clarified the meaning of "exceptional" under the Patent Act's fee-shifting provision, 35 U.S.C. § 285. *See* 134 S. Ct. 1749, 1756 n.6 (2014) (explaining that an "exceptional case" in the patent context requires considering the totality of the circumstances, and citing "objective reasonableness" based on "the factual and legal components of the case" among the factors a court could consider in this analysis) (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)). The fee-shifting provisions in § 285 and § 1117(a) are identical. *Compare* 15 U.S.C. § 1117(a) *with* 38 U.S.C. § 285. And statutes using the same language

should generally be interpreted consistently. *Indep. Fed'n of Flight Attendants v. Zipes*, 491 U.S. 754, 758 n.2 (1989), superseded on other grounds by Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1071 ("[F]ee-shifting statutes' similar language is a strong indication that they are to be interpreted alike.") (internal quotation marks and citation omitted); *United States v. Hynes*, 467 F.3d 951, 967 (6th Cir. 2006) ("The Supreme Court has held that statutes containing similar language and having a similar underlying purpose should be interpreted consistently.") (citing *Northcross v. Bd. of Educ. of Memphis City Schs.*, 412 U.S. 427, 428 (1973)); *see also Octane Fitness*, 134 S. Ct. at 1756 (citing cases interpreting § 1117(a) to support the definition of "exceptional" under § 285). Accordingly, on remand the district court should resolve the pending Rule 52 motion and assess the applicability of *Octane Fitness* before determining whether it is necessary to reassess if this case qualifies as extraordinary under § 1117(a).

Finally, this leaves Slep-Tone's motion for Rule 38 sanctions in which it argues that the Defendants' appeal is frivolous because they offered no argument contesting the district court finding that the attorney fee motion was untimely. Rule 38 permits us to award sanctions if we "determine[] that an appeal is frivolous." Fed. R. App. P. 38. Although Slep-Tone correctly notes that the Defendants did not argue on appeal that their fees motion was timely, it would be anomalous to sanction the Defendants for pursuing an appeal because their motion for fees was untimely when, as set forth above, that motion was, in fact, timely. As a result, Slep-Tone's motion for Rule 38 sanctions is denied.

### III. CONCLUSION

For the foregoing reasons, we **REMAND** this case to the district court for further proceedings consistent with this opinion.